MICHAEL SULLIVAN

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 15, 1885.*

1. CRIMINAL LAW—*of the venue—sufficiency of proof.* On a trial for robbery, while no witness testified directly that the offence was committed in Peoria county, but the evidence showed that it was committed on W. street, in Peoria, Illinois, it was *held,* that this was sufficient to show the offence was committed in Peoria county, Illinois.

2. SAME—*accused as a witness in his own behalf—of the consideration to be given to his testimony—tests of credibility, etc.* On the trial of two persons on the charge of robbery, two witnesses testified in behalf of the prosecution, and the two defendants testified in their own behalf, the four being present at the time of the alleged robbery. The court instructed the jury, as to each defendant, "that while the defendant is by law a competent witness in his own behalf, yet his credibility, and the weight to be given to his testimony, are matters exclusively for the jury to pass upon; and while they should not disregard his testimony through mere caprice, yet the jury are not bound to believe him, nor are they bound to treat his testimony the same as the testimony of other witnesses, but they may take into consideration the fact that he is the defendant, and his interest in the result of the case, as such, and give his testimony such weight as, under all the facts and circumstances in evidence in the case, they may think it is entitled to:" *Held,* that the instruction was erroneous in telling the jury they were under no obligation to treat the defendant's evidence the same as the testimony of other witnesses.

3. In a criminal prosecution, the accused, as a witness in his own behalf, differs from other witnesses only in the fact that he is the defendant, charged and being tried for crime, which may be taken into consideration by the jury in passing on his credibility. But his testimony must be treated the same as any other witness.

4. In such case, the interest of the accused in the matter of the prosecution, and his desire to shield himself from punishment, may properly be considered by the jury in passing upon his credibility, and his evidence may be subjected to all the tests resorted to in order to elicit truth from an unwilling witness; but where the evidence has undergone all these tests, then it is to be treated the same as the evidence of other witnesses.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. N. M. Laws, Judge, presiding.

Mr. DANIEL R. SHEEN, for the plaintiff in error:

The fourth instruction given for the People tells the jury that while they have no right to disregard the testimony of defendant through mere caprice, they are not bound to believe him, nor to treat his testimony the same as that of other witnesses. This instruction goes further than any yet sanctioned by this court, and if it embodies the law, the presumption of innocence is supplanted by one of guilt, and while the jury can not disregard testimony through mere caprice, they may disregard it on account of the interest of the witness. His credibility is to be tested as that of any other witness. *Chambers* v. *People*, 105 Ill. 410; *Higgins* v. *People*, 98 id. 519; *Bulliner* v. *People*, 95 id. 396; *Creed* v. *People*, 81 id. 569; *Hirschman* v. *People*, 101 id. 568.

It is not sufficient that the instructions given for the defendant upon the same point, state the law correctly. The jury would have as much right to follow one instruction as the other. *Steinmeyer* v. *People*, 95 Ill. 390.

Proof of the venue was easy, and a failure to prove it, fatal to the conviction. *Satler* v. *People*, 59 Ill. 68; *Jackson* v. *People*, 40 id. 405.

Mr. J. M. NEIHAUS, and Mr. GEORGE HUNT, Attorney General, for the People:

The fourth of the People's instructions differs materially from the one condemned in *Chambers* v. *People*, 105 Ill. 410. The jury, being the judges of the credibility of the witnesses, were not bound to believe the testimony of this or any other witness any further than such testimony, when tested by the rules of evidence, commended itself to them as true, and it was not error to so instruct the jury. *Hirschman* v. *People*, 101 Ill. 568; *Gainey* v. *People*, 97 id. 270.

No question was raised as to the venue, in the court below.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Michael Sullivan, the plaintiff in error, was indicted in Peoria county, jointly with Frank Schroeder and Thomas Smith, for robbery of a watch from Peter Miller, on November 23, 1884. Schroeder obtained a separate trial. Smith and Sullivan were tried together, and the jury acquitted Smith, but convicted Sullivan, and he sued out this writ of error.

Whether Sullivan was guilty of the crime for which he was indicted, was a question purely for the determination of the jury, and had the instructions of the court conformed to the law, so that it could be seen that defendant had received a fair and impartial trial, we would not regard it our duty to disturb the judgment. But we are not satisfied that the instructions given on behalf of the People presented the law involved in the case fairly before the jury. The fourth instruction given for the People was as follows:

"The court further instructs you, as to each defendant, that while the defendant is by law a competent witness in his own behalf, in this case, yet his credibility, and the weight to be given to his testimony, are matters exclusively for the jury to pass upon; and while they should not disregard his testimony through mere caprice, yet the jury are not bound to believe him, nor are they bound to treat his testimony the same as the testimony of other witnesses, but they may take into consideration the fact that he is the defendant, and his interest in the result of the case, as such, and give his testimony such weight as, under all the facts and circumstances in evidence in the case, they may think it is entitled to."

Four witnesses were sworn, and testified in the case before the jury. Miller, who claimed to have been robbed, and Logan, one of the four young men who were alleged to have been with the defendants and connected with the crime, testified in behalf of the People, while the two defendants testified in their own behalf. It will thus be seen the two witnesses

for the People, and the two defendants who testified in their own behalf, were all present when the alleged crime was committed, and all had the same knowledge of the facts as they occurred. It was therefore a matter of the highest importance, so far as the rights of the defendants were concerned, that the jury should be correctly instructed in reference to the weight to be given to the evidence of the defendants, as it is plain, if the jury were led to believe, by the instructions of the court, that the evidence of the defendants was not to be regarded in the same way as that of other witnesses, little or no regard would be given such evidence, and conviction would follow as a matter of course. As will be observed, the fourth instruction, *supra*, informs the jury in plain words that they are under no obligation to treat the evidence of the defendants the same as the testimony of other witnesses. An instruction of this character was condemned in *Chambers* v. *The People,* 105 Ill. 409, where it was held that the accused, as a witness, differs from other witnesses only in the fact that he is the defendant, charged and being tried for crime, which may be taken into consideration by the jury in passing on his credibility, but his testimony must be treated the same as that of any other witness. The case seems to be directly in point, and conclusive of the instruction. Where a defendant testifies in his own behalf, his interest in the case,—his desire to shield himself from punishment,—may properly be considered by the jury in passing upon his credibility, and the evidence may be subjected to all the tests resorted to, in order to elicit truth from an interested witness; but when the evidence has undergone all of these tests, then it is to be treated the same as the evidence of other witnesses. The instruction, under the evidence before the jury, was calculated to mislead, and probably did mislead, the jury.

It is also claimed the evidence did not show that the alleged crime was committed in Peoria county, and upon this ground the judgment is erroneous. No witness testified directly that

the offence was committed in Peoria county, but the evidence is that the offence was committed on Washington street, in Peoria, Illinois. If the offence was committed in Peoria, Illinois, as Peoria is in Peoria county, the venue was sufficiently proven.

Other questions have been raised, but it will not be necessary to consider them.

We are of opinion that the court erred in giving the fourth instruction for the People, and for this error the judgment will be reversed and the cause remanded.

*Judgment reversed.*