[No. 20672. Department Two. — September 15, 1890.]

THE PEOPLE, RESPONDENT, v. JOHN MURRAY, APPELLANT.

CRIMINAL LAW — INSTRUCTIONS AS TO MATTER OF FACT — PROVINCE OF JURY — CONSTITUTIONAL LAW. — In a criminal prosecution in which there is a conflict of testimony as to the facts testified to by the prosecuting witness, an instruction to the jury that the testimony of the prosecuting witness having been given, and the defendant not proving the falsity of his statements, they were bound to presume what he stated to be true, is an invasion of the province of the jury, and a violation of section 19 of article 6 of the state constitution, which provides that judges shall not charge juries with respect to matters of fact.

ID. — CREDIBILITY OF WITNESS NOT CONTRADICTED. — Even if the instruction was intended to be confined to facts testified to by the prosecuting witness, as to which there was no contradiction, it would be an invasion of the province of the jury, as the jury are not bound to take the testimony of any witness as true; and from the manner of the prosecuting witness and the nature of his whole testimony, the jury might have disbelieved him if the defendant had not introduced any evidence at all. The whole matter is for the jury, and not for the court.

ID. — IMPEACHMENT OF DEFENDANT. — Where a question was asked the defendant as to whether or not he was serving a term of imprisonment for petit larceny upon a certain day, simply to contradict his statement that he was working for his father on the day named, an instruction to the jury that "the defendant here admits that he has been convicted of petit larceny; as to how much credit such a man is entitled to is for you to determine," — is a violation of the rule that it is in the exclusive province of the jury to weigh the evidence and find the facts, and of section 1847 of the Code of Civil Procedure, which provides that the jury are the exclusive judges of the credibility of a witness.

ID. — WEIGHING EVIDENCE — DISCRIMINATION AGAINST DEFENSE. — It is also an invasion of the province of the jury so to instruct them as to give a different rule for weighing the evidence of the witnesses for the defendant generally from that which was applied to the prosecuting witness, and discriminating against the former as to the probability of their evidence.

ID. — TESTIMONY OF ACCUSED PERSONS. — A charge to the jury that while the defendant and two other persons, who were also charged with the same offense, were allowed to testify, yet their testimony is not entitled to the same consideration as the testimony of persons not charged with crime, if not error, is at least on the verge of error, where it appears that only the prosecuting witness had testified against the three, and his testimony is subject to unfavorable criticism.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*P. Reddy,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McFARLAND, J. — The defendant was convicted of robbery, and appeals from the judgment, and from an order denying a new trial. He was charged with taking, forcibly and feloniously, from one Henry Braker, a certain watch and chain of the value of thirty dollars. The only witnesses on the part of the prosecution were the prosecuting witness, Braker, and two policemen, who arrested the defendant. Braker testified that on the night between November 9 and 10, 1889, he was sleeping in an old cabin (which had been part of the sleeping apartment of a boat), at the foot of Kearny Street, San Francisco; that one Lewis had come into the cabin early in the evening, and had gone to sleep; that about two o'clock in the morning the defendant and one Kenny came into the cabin, and forcibly took from him the watch and chain, and also a knife. (Kenny and Lewis were informed against jointly with defendant.) The policemen testified that they arrested the defendant shortly afterwards, and found on his person the watch and chain, as described by Braker. This was substantially all the evidence for the prosecution.

On the part of the defense, the defendant, and Kenny and Lewis, and also a witness named Hamilton (not charged with the offense), all testified that on the night in question the prosecuting witness, Braker, and the defendant and others, including some sailors who left immediately afterwards to go on their ship, were engaged in throwing dice in the said cabin for money; that during the game Braker put up his watch and chain on the game; and that defendant finally won the watch and chain, and Kenny won the knife.

Here, then, was a keen conflict of testimony; and as the

defendant admitted possession of the watch and chain, it was a conflict practically between four witnesses for the defense and one for the prosecution.  Under these circumstances, the appellant contends, that, in instructing the jury, the court, to the prejudice of appellant, invaded the province of the jury, and violated section 19 of article 6 of the state constitution, which provides that "judges shall not charge juries with respect to matters of fact."  And in this contention we think that appellant is right.

The prosecuting witness, Braker, on his cross-examination, developed a remarkable want of knowledge of his antecedents.  He not only could not tell when he was born, or who either of his parents was, or where he came from, or how he happened to be here at all, but his testimony in other respects was certainly subject to some criticism.  And in respect to this witness the court instructed the jury as follows: "There are attacks upon the witness, and you will consider them, and see how far they rest upon the testimony in the case.  The young man who appears as a prosecuting witness testifies to a life which I will not characterize.  He is unfortunate enough not to know who his father and mother are, or perhaps when he was born.  As to particular transactions that occurred seven or eight years ago, he did not undertake to state.  If his statements are untrue, the defendant should have an·opportunity to disprove them.  His testimony being thus given, and the defendant not proving their falsity, you are bound to presume what he states to be the truth."

The propositions stated in the last sentence cannot be maintained under any view.  If the phrase, "and the defendant not proving their falsity," be taken as a statement that the defendant had not proven their falsity, as the jury might very easily understand it, then it directly took away from·the jury the determination of a fact about which there was not only a conflict of testimony,

but with respect to which, in number of witnesses at least, there was a preponderance of four to one against the prosecuting witness. And if it be taken to merely mean that the jury were bound to take as true the statements of Braker about the manner in which he lost his watch, unless the defendant disproved them, it is equally untenable. The jury were not bound to take the testimony of any witness as true. From the manner of the prosecuting witness, and the nature of his whole testimony, the jury might have disbelieved him, if the defendant had not introduced any evidence at all. This whole matter was for the jury, and not the court.

The defendant was a witness for himself, and testified, among other things, that on July 1, 1889, he was working for his father, and on cross-examination was asked this question: "Is it not the fact that on that day, July 1, 1889, in this city and county, you were convicted, and were serving on that day a term of imprisonment for petit larceny?" There is some confusion in the record as to whether the proper objection was made to this question at the proper time, and as to what answer the witness gave. There was an objection made, however, and counsel for the prosecution said: "The question is asked simply for the purpose of contradicting him." Whatever the answer was, therefore, the testimony was introduced simply for the purpose of contradicting his statement that he was working for his father on the day named. But the court instructed the jury as follows: "The defendant here admits that he has been convicted of petit larceny. As to how much credit such a man is entitled to is for you to determine." This could be understood in no other way than as a statement that, in the opinion of the court, such a man as defendant was entitled to but little credit. It was based on a fact not in evidence for such purpose, and it was a broad inroad into the province of the jury. Then as to the witnesses for the defendant, generally, a rule was given different from that which was applied to the prosecuting witness.

The court said: "On the other side, the leading witness, the defendant, and the others with him testified that they started somewhere from the center of the city on an invitation to go to the cabin and get some beer. They went over there. It is for you to consider the probability of a story of seven or eight men collected together in a cabin, drinking and gambling for threepence a bit, and whether they gambled there up to eleven or twelve o'clock. That is a matter for your consideration as to the probability of their story."

The instructions above quoted, and others of similar import, were violations of the rule that "to weigh the evidence and find the facts is, in this state, the exclusive province of the jury, and with the performance of that duty the judge cannot interfere without a palpable violation of the organic law" (*People* v. *Dick*, 34 Cal. 666; *People* v. *Fong Ching*, 78 Cal. 169), and of section 1847 of the Code of Civil Procedure, which, speaking of a witness, provides that "the jury are the exclusive judges of his credibility." A part of the charge on the subject of reasonable doubt, and also on one or two other matters, is somewhat obscure, but it can readily be made clear on another trial.

There is only one other matter to be noticed. We think that the court went too far in cautioning the jury against believing the defendant and the two other persons charged with the crime, although we would not be prepared to say that the judgment should be reversed for that reason. In *People* v. *Cronin*, 34 Cal. 191, it was held not to be error for a court, speaking of the credibility of a defendant who was a witness for himself, to tell the jury that "you should consider his relation and situation under which he gives his testimony, the consequences to him from the result of this trial, and all the inducements and temptations which would ordinarily influence a person in his situation."

That instruction has been approved in subsequent cases, and it is now too late to question its correctness ;

but if courts and prosecuting attorneys think it their duty to have an instruction on that subject in every case, they should be careful not to go further in that direction than courts have already gone. An instruction giving the general rule can do no harm, and is not of much importance, for every intelligent juror knows, without any instruction on the subject, that a defendant, whether innocent or guilty, is deeply interested in being acquitted. But when such an instruction is reiterated, and put into exceedingly strong language, so as to give it peculiar emphasis, it is too apt to lead the jury to believe that the court thinks the defendant in the particular case on trial to be unworthy of belief. The credibility of the witness in such a case should be left as much as possible to the jury. In the case at bar, the court, speaking of the defendant and the two other witnesses who were also charged with the offense, said to the jury, among other things, as follows: "While they are allowed to testify, they are not given the same effect as witnesses unattended by indictment, or men not charged. They are not entitled to the same consideration." This language, if not error, is at least on the verge of error. Here is a case where several men have a dispute about a watch. Three of them swear that it was put up and lost on a game of chance; one of them swears that it was taken from him forcibly, and that there was no gambling at all; and the jury are instructed that the testimony of the three is not entitled to the same consideration as the testimony of the one, because the latter procured an information to be made against the former. This seems to be carrying the rule very far; and we allude to the matter because a criminal trial, which is usually a very simple thing when compared with the intricacies of the trials of civil cases, is so often complicated by new instructions on matters of evidence.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., and THORNTON, J., concurred.