STATE OF IOWA V. JOHN RYAN AND JOSEPH GRIFFITH, Ap-
pellants.

Possession of Property Taken by Burglars: INSTRUCTION ON REASON-
ABLE DOUBT. In a prosecution for burglary, a charge that if the
jury found beyond a reasonable doubt that the building al-
leged to have been burglarized was broken and entered, and
property stolen therefrom and a few hours thereafter this.
stolen property was found in the possession of the defendants,.
they would be warranted in finding that the property was stolen
by defendants from the building by breaking and entering,.
unless the evidence raised a reasonable doubt as to whether
they did not acquire the property honestly, and that there
should be no conviction unless defendant's guilt had been other-
wise proven, was proper.

CREDIBILITY OF DEFENDANT. On a prosecution for burglary it was
proper to instruct that, while the jury should not disregard the.
testimony of the defendant, they should consider his interest.

CONSTRUCTION OF INDICTMENT. Code, section 5289, provides that an
indictment shall be deemed sufficient if it can be understood
therefrom that the act charged as the offense is stated with
such certainty as to enable a person of common understanding
to know what is intended. *Held*, that where an indictment
charged R. G. with the crime of burglary, "for at and within
the said county, in the night time unlawfully, feloniously,.
burglariously did break and enter the dwelling house of W.,"
the contention that the indictment was insufficient, as not re-
ferring to the defendants as those who committed the crime,.
was not well taken.

**Notice of Testimony not Adduced Before Grand Jury:**   MAY BE. GIVEN ON SUNDAY. A notice by the state that a certain witness. whose name was not endorsed on the indictment would be ex-- amined as a witness was not void because given on Sunday,.. there being no statute making the same illegal, and the giving of the notice being a ministerial act, not illegal at common law..

**Misconduct in Opening Statement:** WHEN HARMLESS. When a pros- ecutor states in the opening statement that one defendant often says another did it, especially in cases where the evi- dence is more or less convincing, though circumstantial, and that he does not know that this will be done. in the case on.. trial, he departs from the office of an opening statement. He is predicting what the defense may do instead of stating what the state expects to prove. But when what he thus predicts is, actually done on the trial, his misconduct is. harmless.

*Appeal from Benton District Court.*—HON.. OBED. CASWELL,. Judge.

FRIDAY, APRIL 12, 1901..

THE defendants were jointly indicted, tried, and con- victed of the crime of burglary, and judgment of imprison- ment in the penitentiary rendered against each. of them,. from which judgment they appeal.—*Affirmed..*

*Tom H. Milner* for appellants..

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van-- Vleck,* Assistant Attorney General, for the State.

GIVEN, C. J.—I.   The county attorney, in his opening- statement to the jury, said, among other things, as follows:- "It is .often the case—whether it will be here or not I do not know—that in cases of this character, where the evidence is. more or less convincing, although circumstantial in its na- ture, that one of the defendants said the other did it so as to. allow the others to go free.   I do not say that this will be done here, for I do not know that it will be done."- Of this statement appellants complain.   Under sec-- tion 5372 of the Code it was the privilege of the coun--

ty attorney to briefly state the evidence by which he expected to sustain the indictment. It is remarkable that attorneys appearing for the state so often exceed this privilege at the hazard of having a conviction set aside because thereof. The part of the statement complained of was not a statement of evidence, but a prediction as to what the defense might be. The defense did do what was predicted, and therefore the statement was not prejudicial to the appellants.

II.   The state was permitted, over defendants' objection, to examine one A. F. Loomis, whose name was not upon the indictment. The ground of the objection was that no sufficient notice had been given. On Sunday, April 22, 1900, the state gave the defendants notice in writing that Mr. Loomis would be examined, and stating what was expected to be proven by him. On April 25th another notice in writing was given the appellants of additional matters that it was expected to prove by Mr. Loomis. Code, section 5373, requires such notices to be given at least four days before the commencement of the trial. Appellant's contention is that the first notice, being given on Sunday, is void, and as if no notice had been given, and that the second was not given four days before the trial commenced, namely, April 27, 1900. In 20 Enc. Pl. & Prac. p. 1197, it is said: "While at common law, as has been seen, no judicial act could be done on Sunday, the authorities are practically unanimous that mere ministerial acts could be performed on that day; and this would seem to be the rule at the present time, in the absence of any prohibitory statute." Section 285 of the Code provides that certain judicial business may be transacted on Sunday, and sections 3522-3879 and 3956 provide that certain judicial processes may be issued and served on Sunday. Section 5040 forbids certain acts being done on Sunday; but none of these sections has reference to giving notices like this one, and therefore does not forbid giving them on Sunday. Giving such notice is a ministerial act, and not forbidden to be given on Sunday by

the common law. In *Davis v. Fish,* 1 G. Greene, 410, the question was as to a judicial act done on Sunday, and did not involve the legality of other acts done on Sunday, and what is said as to acts pertaining to the administration of justice is *dicta.* There is no rule, either of statute or common law, making this notice illegal because given on Sunday.

III. Appellant complains of the eleventh and twelfth paragraphs of the instructions. The eleventh is as follows: "If you find from the evidence, beyond a reasonable doubt, that on or about the eighteenth of March, 1900, a building belonging to or in the possession or occupancy of B. F. Woodruff, and situated in Benton county, Iowa, was broken into and entered, and that personal property was stolen therefrom, and you further find that within a few hours thereafter the property so stolen was in the possession of the defendants, you will, in such case be warranted in concluding and finding that such property was stolen by the defendants from said building by breaking and entering the same, unless the facts and circumstances disclosed, or the evidence introduced by the state or the defendants, raises in your mind a reasonable doubt as to whether the defendants did come honestly into the possession of such property. If such reasonable doubt has been raised in your minds by the testimony and facts and circumstances introdused and appearing in the case, then you should not act upon said presumption in convicting the defendants, and should not convict the defendants, unless their guilt has otherwise been proven, as you are directed it must be." This instruction is supported by the following cases: *State v. Taylor,* 25 Iowa, 275; *State v. Hessians,* 50 Iowa, 137; *State v. Richart,* 57 Iowa, 246; *State v. Kelly,* 57 Iowa, 645; *Johnson. v. Miller,* 63 Iowa, 538; *State v. Golden,* 49 Iowa, 49; *State v. Rivers,* 68 Iowa, 616; *State v. LaGrange,* 94 Iowa, 61. Other cases might be cited to the same effect.

*Williams v. State,* 60 Neb. 526 (83 N. W. Rep. 681), is
not in point, as a different rule prevails in that state.

4    The defendant Griffith having testified in his own
behalf, the court instructed that such weight and influence should be given to his testimony as it was entitled to, and that "in weighing his testimony you have the right to and should take into consideration the fact that the defendant is on trial charged with an offense, and is an interested witness; but, while this should not cause you to disregard his testimony, yet you should consider that fact while weighing his testimony." This instruction is fully sustained in *State v. Moelchen,* 53 Iowa, 316; *State v. Sterrett,* 71 Iowa, 388.

IV. The indictment shows that the grand jury, "upon their oath do aver, find, present, and accuse John Ryan and Joseph Griffith of the crime of burglary, for at and within said county, on the eighteenth day of March, A. D. 1900, in the nighttime of the same day; unlawfully, feloniously, and burglariously did break and enter the dwelling house of B. F. Woodruff," etc. Appellants contend that this does not charge them with the crime, for that they are not named or referred to as the persons who "unlawfully, feloniously, and burglariously did break and enter." Surely, it cannot but be understood that it was the persons previously named who are charged with the crime. Section 5289 of the Code provides as follows: "The indictment is sufficient if it can be understood therefrom: * * * (5) That the act or omission charged as the offense is stated in ordinary and concise language, with such certainty as to enable a person of common understanding to know what is intended, and the court to pronounce judgment according to law upon a conviction." Surely, a person of common understanding would know from this indictment that it is these defendants who are charged with the offense. Appellants' counsel quote from 10 Enc. Pl. & Prac. 504, as follows: "An indictment or information must name the defendant whom it is intended to charge with the offense therein al-

leged, and an omission in this regard will make the indictment bad." We think the defendants intended to be charged are named in this indictment. True, the indictment would have been more accurate had there been appropriate words of reference to them, but, in view of our statute just quoted, this omission is not fatal to the indictment, and for the same reason the cases cited from other states are not in point.

V. In conclusion the appellants insist that the punishment adjudged against them is entirely disproportionate to the crime. True, it does not appear that they were armed with dangerous weapons, or that they intimidated any person, but the evidence leaves no doubt that they were prowling vagabonds and professional thieves and burglars. The punishment is severe, but not more so than seems necessary to protect society from such lawless characters. Our conclusion is that the judgment of the district court should be AFFIRMED.