Decided 7 Jan., 1908.

**STATE *v.* BARTLETT.**

93 Pac. 243.

</div>

CRIMINAL LAW—INSTRUCTIONS—CREDIBILITY OF TESTIMONY OF ACCUSED.
1. The court instructed that an accused is deemed a competent witness, and that while the jury should give his testimony such weight and credibility as they might consider it entitled to, yet they were to consider in connection therewith that accused was testifying in his own behalf; that they were not bound to consider his testimony as absolutely true, nor as equal to the testimony of a disinterested witness, but to bear in mind that defendant spoke in his own behalf, and that the jury should consider the great temptation which one so situated was under, so to speak, as to procure his acquittal. *Held,* that the instruction was erroneous, as seeming to leave an implication that it was incumbent on the jury to consider defendant's testimony as false, and for that reason to reject it.

CRIMINAL LAW—MISLEADING INSTRUCTIONS.

2. Any remarks, gestures, facial expressions, tones of voice, or in fact any language which might seem even to hint at what the court thought of the merits of the case, should always be avoided at a trial of the issues before a jury.

From Union: WILLIAM SMITH, Judge.

The defendant, E. W. Bartlett, was convicted of the crime of attempting to extort money, alleged to have been committed by unlawfully threatening to prosecute certain persons for gambling. From the judgment that followed he appeals, alleging error of the trial court in charging the jury.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Samuel White.*

For the State there was a brief over the names of *A. M. Crawford,* Attorney General, *Francis S. Ivanhoe,* District Attorney, and *Charles H Finn,* with oral arguments by *Mr. Ivanhoe* and *Mr. Finn.*

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant E. W. Bartlett was jointly convicted with one S. A. Gardinier of the crime of attempting to extort money, alleged in the information to have been committed by unlawfully threatening to accuse certain persons of the offense of gambling, and to prosecute them therefor. Bartlett appeals from the judgment which followed, and his counsel contend, *inter alia,* that the trial court erred in charging the jury. The instruction particularly complained of, and to the giving of which an exception was taken, is as follows:

"In this case the defendants went upon the witness stand as witnesses in their own behalf. I instruct you that under the statutes of this State a person accused or charged with the commission of a crime is, at his own request, deemed a competent witness, and while you are to give his testimony such weight and credibility as you consider it entitled to, yet you are to consider the fact in connection therewith that he is the accused person testifying in his own behalf. You are not bound to consider the testimony of the defendants as absolutely true, nor any part of it as absolutely true, nor as equal to the testimony

of disinterested witnesses. You are to bear in mind that the defendants speak in their own behalf to discharge themselves of a criminal accusation, and you are to consider the great temptation which one so situated is under, so to speak, as to procure his acquittal."

1. That part of the foregoing charge, commencing with the words, "You are not bound," etc., was evidently patterned after a quotation found in the works of a distinguished author (2 Thompson, Trials, § 2447), in a note to which it is said, "Approved in *Solander* v. *People,* 2 Colo. 48, 56." In the case to which attention is called in the note, the plaintiff in error, a woman, was indicted for manslaughter, and, at her trial, one Knauss, a witness for the prosecution, detailed certain declarations against interest which were imputed to her. Upon argument the counsel for the people insisted that the sworn statements of Knauss were entitled to credit, from the circumstance that the accused, though examined in her own behalf, had not contradicted his testimony, and that her counsel had not interrogated her in relation thereto, whereupon her attorney requested the court to give the following instruction:

"That, in the examination of the prisoner provided for by the statute, which examination extends only to the facts and circumstances of the cause on trial, and does not confer on the prisoner the right to testify to facts or circumstances tending to impeach any of the witnesses in the cause. Therefore, the fact that defendant did not testify to facts or circumstances calculated to impeach any of the witnesses sworn in the case is not to be taken as properly commented upon, or as a circumstance against her." The report of the case states, "but the court refused to so charge, and the prisoner excepted."

The jury were charged in relation to the law involved in the issue, and the court gave, *inter alia,* the instruction quoted in the latter part of section 2447, as indicated in 2 Thompson, Trials, but no exception thereto appears to have been reserved. The accused, having been convicted, appealed, and, in affirming the judgment, Mr. Chief Justice Hallett refers to the requests made by the appellants' counsel for certain instructions, relating to the corroboration of the testimony of an accomplice, and says:

"The prisoner having elected to testify under the act of 1872 (9 Sess. Assem. p. 95), her testimony became a fair subject of criticism before the jury, and the counsel for the people was at liberty to analyze her testimony, to compare it with the other testimony in the cause, and comment upon the omissions and contradictions, if any, therein. The prisoner was at liberty to contradict Knauss, and to give her own account of the matters related by him, and the fact that she did not do so might well be considered by the jury in determining the credibility of Knauss: *People* v. *Dyle,* 21 N. Y. 578. The prisoner was not required to testify, and, by the terms of the statute, if she had chosen to remain silent, no inference of guilt could be drawn from her conduct. By taking the witness stand she opened the door to criticism, and cannot now complain that an effort was made to measure her testimony by the ordinary rules which govern human conduct."

The foregoing observation, relating to the declarations upon oath of the accused as a witness in her own behalf, constitutes the only reference made by the court to any instruction requested by her counsel or to any charge given to the jury as to her testimony. How, then, can it be said, as indicated in the note adverted to, that the language quoted in the text by the noted author, and as given by the court in the case cited, was approved, when the instruction does not appear even to have been challenged by counsel for the accused or commented upon in any manner by the justice who wrote the opinion? The only references to the case of *Solander* v. *People,* 2 Colo. 48, 56, that we have been able to find in the Colorado reports, relate to other questions. See, upon this subject, *Jones* v. *People,* 2 Colo. 355; *Union Gold Mining Co.* v. *Rocky Mountain Nat. Bank,* 2 Colo. 576; *Jones* v. *People,* 6 Colo. 456 (45 Am. Rep. 526); *Minich* v. *People,* 8 Colo. 449 (9 Pac. 4); *Wisdom* v. *People,* 11 Colo. 174 (17 Pac. 519); *Babcock* v. *People,* 13 Colo. 518 (22 Pac. 817); *Thompson* v. *People,* 26 Colo. 505 (59 Pac. 51); *Johnson* v. *People,* 33 Colo. 237 (80 Pac. 133: 108 Am. St. Rep. 85).

In *People* v. *Cronin.* 34 Cal. 191, an instruction of similar import to that contained in the latter part of the charge complained of in the case at bar, was approved. In *People* v. *Mur-*

*ray,* 86 Cal. 31 (24 Pac. 802), Mr. Justice McFARLAND, refer-
ring to the rule announced in the preceding case, says:

"That instruction has been approved in subsequent cases, and
it is now too late to question its correctness; but if courts and
prosecuting attorneys think it their duty to have an instruction
on that subject in every case, they should be careful not to go
further in that direction than courts have already gone. An
instruction giving the general rule can do no harm, and is not
of much importance, for every intelligent juror knows, without
any instruction on the subject, that a defendant, whether inno-
cent or guilty, is deeply interested in being acquitted. But
when such an instruction is reiterated, and put into exceedingly
strong language, so as to give it peculiar emphasis, it is too
apt to lead the jury to believe that the court thinks the defend-
ant in the particular case on trial to be unworthy of belief."

In *People* v. *Van Ewan,* 111 Cal. 144 (43 Pac. 520), the trial
court, in referring to the declarations under oath made by the
defendant as a witness in his own behalf, charged the jury as
follows:

"In weighing his testimony you are to consider what he has
at stake. You are to consider the temptations that may be
brought to bear upon a man in his situation to tell a falsehood
for the purpose of inducing you to acquit him, or to disagree."

The defendant, having been convicted, appealed, and in re-
versing the judgment, the court say:

"If the question were entirely an open one we would feel
constrained to hold, upon principle, that any instruction at all
as to the credibility of any witness, or the weight to be given
to his testimony, is violative of Section 19 of Article VI of the
Constitution, which provides that 'judges shall not charge jurors
with respect to matters of fact,' and Section 1887 of the Code
of Civil Procedure, which, referring to a witness, provides that
'the jury are the exclusive judges of his credibility.'"

It is further intimated that the instruction last above quoted
was more restrictive than the charge approved in *People* v.
*Cronin,* 34 Cal. 191. It will thus be seen that the Supreme
Court of California practically condemned the instruction given
in *People* v. *Cronin,* 34 Cal. 191, but felt impelled to follow

the rule thus announced, because of its repeated approvals for nearly a generation.

In *Johnson* v. *United States,* 157 U. S. 320 (15 Sup. Ct. 614: 39 L. Ed. 71), cited by counsel for the State in the case at bar, the jury were charged as follows:

"The defendant goes upon the stand before you, and he makes his statement—tells his story. Above all things in a case of this kind you are to see whether that statement is corroborated substantially and reliably by the proven facts; if so, it is strengthened to the extent of its corroboration. If it is not strengthened in that way, you are to weigh it by its own inherent truthfulness —its own inherent proving power that may belong to it."

This instruction was approved by the Supreme Court of the United States, but as the cause was originally tried in a federal court, where the rules of the common law prevail, thereby permitting the judge to comment upon the weight of the testimony, no other deduction could well have been made: *Carver* v. *Astor,* 4 Pet. 1, 79 (7 L. Ed. 761) ; *Magniac* v. *Thompson,* 7 Pet. 348, 389 (8 L. Ed. 709). The conclusion there reached, however, is not controlling in the case at bar, in consequence of our statute prohibiting such method of charging the jury.

In *Territory* v. *Romine,* 2 N. M. 114, a similar charge was upheld on the assumption that such an instruction was permissible under the rules of the common law, which at the time of that trial had not been changed, but subsequent thereto, and prior to the hearing of the cause in the Supreme Court a statute had been adopted by the legislative assembly of New Mexico, which precluded a court from commenting upon the weight of the evidence. In that case it is intimated that, after the passage of the statute, the giving of such an instruction would have been erroneous. Our statute, regulating the giving of instructions, was adopted in its present form, December 20, 1865 (Laws Or. 1865, p. 37), and is as follows:

"In charging the jury, the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, but it shall not present the facts of the case, but shall inform the jury that they are the exclusive judges of all questions of fact": B. & C. Comp. § 139.

This section practically prohibits the giving of an instruction as to the weight of the evidence, for if a court cannot present the facts of a case, it is necessarily precluded from charging the jury in respect to any particular conclusion which might be deduced from a consideration of the testimony.

An early statute of this State prevented a defendant in a criminal action from becoming a witness for or against himself: Section 166, Title 1 of Chapter 16 of the Criminal Code, as compiled by Matthew P. Deady and Lafayette Lane. This section was amended October 25, 1880 (Laws 1880, p. 28), so as to read, as far as deemed involved herein, as follows:

"In the trial of or examination upon all indictments, complaints, information and other proceedings before any court, * * against persons accused or charged with the commission of crimes or offenses, the person so charged or accused shall, at his own request, but not otherwise, be deemed a competent witness, the credit to be given to his testimony being left solely to the jury, under the instructions of the court": B. & C. Comp. § 1400.

As this alteration was made after the passage of Section 139, B. & C. Comp., it would seem, from a construction of such amendment in *pari materia* with that section, that it had been impliedly amended, so as to permit the court to call the attention of the jury to the credibility of a defendant in a criminal action when he appeared as a witness in his own behalf. Our statute, elucidating the general principles of evidence, contains the following clause:

"A witness is presumed to speak the truth. This presumption, however, may be overcome by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character or motives, or by contradictory evidence; and where the trial is by the jury, they are the exclusive judges of his credibility": B. & C. Comp. § 695.

It has been the practice of courts to give this entire section, or the substance thereof, in charging juries. Construing this clause together with Section 1400, B. & C. Comp., it would further appear that Section 695, B. & C. Comp., was also impliedly amended, so as to allow the court to inform the jury

that a defendant in a criminal action, when he appeared as a witness in his own behalf, is interested in any verdict which they might return—a fact of which they have knowledge without such declaration: *People* v. *Murray,* 86 Cal. 31 (24 Pac. 802).

An instruction stating that, while the defendant in a criminal action is a competent witness in his own behalf, the jury, nevertheless, have the right to take into consideration his interest in the result of the trial, and all the facts and circumstances of the case, and to give his testimony only such weight as they, in their judgment, think it entitled to—has been held proper: *Smith* v. *State,* 107 Ala. 139 (18 South. 306); *Hamilton* v. *State,* 62 Ark. 543 (36 S. W. 1054); *State* v. *Ryan,* 113 Iowa, 536 (85 N. W. 812); *People* v. *Calvin,* 60 Mich. 113 (26 N. W. 851); *Gatliff* v. *Territory,* 2 Okl. 523 (37 Pac. 809); *Emery* v. *State,* 101 Wis. 627 (78 N. W. 145). Under the rule thus announced, the first part of the charge in the case at bar, which was manifestly modeled after section 2447 (2 Thompson, Trials), a note to which is as follows: "Approved in *State* v. *Jones,* 78 Mo. 280," is supported by authority, though the jury were not instructed to take into consideration all the facts and circumstances of the case, nor informed that they were the exclusive judges of the defendant's credibility. No request, however, appears to have been made to enlarge the instruction in these particulars.

In *Chambers* v. *People,* 105 Ill. 409, the following charge was given:

"The court instructs the jury, for the people, that they are not bound to believe the evidence of the defendant in a criminal case, and treat it the same as the evidence of other witnesses, but the jury may take into consideration the fact that he is defendant, and give his testimony such weight as, under all the circumstances, they think it entitled to."

In that case it was held that such instruction was calculated to mislead, and was, therefore, erroneous. A similar instruction was also condemned in *Sullivan* v. *People,* 114 Ill. 24 (28 N. E. 381), and *Hellyer* v. *People,* 186 Ill. 550 (58 N. E. 245).

In *State* v. *Pomeroy,* 30 Or. 16 (46 Pac. 797), the jury were instructed as follows:

"In this case the defendant and members of his family have given testimony. You have no right to reject the testimony they have given, simply because it comes from a source in which there would be strong motives to give the most favorable coloring possible to the facts on behalf of the defendant, but you have a right to consider, and you should consider, that testimony the same as you would other testimony, taking into account the relationship of the parties and the motives which may induce them to testify."

The defendant, having been convicted, appealed, and, in reversing the judgment, it was held that the instruction was erroneous, as an expression of opinion on the motives of the witnesses.

Any person who carefully notices the trial of a cause before a jury must surely observe the attention which they give to the remarks, gestures, facial expressions or tones of voice which the judge may adopt, in their evident desire to gain from him some information as to the kind of verdict they think he would expect in the case. Any language, therefore, which might seem even to hint at what the court thought of the merits of a case, ought always to be avoided at a trial of the issue before a jury. Though the judge, in the instruction complained of, said to the jury: "You are not bound to consider the testimony of the defendants as absolutely true, * * and you are to consider the great temptation which one so situated is under, so to speak, as to procure his acquittal"—he seems to leave an implication that it was incumbent upon them to consider the defendants' testimony as false, and for that reason to reject it: *Clark* v. *State,* 32 Neb. 246 (49 N. W. 367).

We think the language thus used is not warranted, and hence the judgment is reversed, and a new trial ordered.

REVERSED.