STEVENS, C. J., EVANS and ARTHUR, JJ., concur.

---

RALPH VAN, Appellant, v. JOSEPH E. DEAN et al., Appellees.

PROCESS: Original Notice—Service on Sunday. The affidavit which is indorsed upon an original notice in order to authorize service on Sunday need not be read to the defendant nor indorsed upon the copy served.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

OCTOBER 18, 1921.

REHEARING DENIED JANUARY 20, 1922.

PLAINTIFF appeals from the order and judgment of the court quashing the service of an original notice.—*Reversed.*

*Hollingsworth & Blood* and *Hughes & Dolan,* for appellant.

*W. H. Hartzell* and *Boyd & McKinley,* for appellees.

STEVENS, J.—The sole question in this case is whether an original notice, having indorsed thereon the oath of the plaintiff, his agent, or attorney, stating that personal service thereof cannot be had upon the defendants unless made on Sunday, is valid if the officer does not read the affidavit to the defendants, or indorse the same upon the copies delivered to them at the time of the service. The notice served and returned by the sheriff had the required affidavits indorsed thereon. The return recited that "this service is made by reason of the attached affidavit." The affidavit indorsed on the notice is dated June 27, 1920, and the return of the sheriff recites that service was made on Sunday, June 27th.

The court below sustained the motion of defendants to quash the service, upon the ground that same did not comply with Section 3522 of the Code, authorizing same to be made on Sunday. There is no doubt that a proper affidavit was indorsed on the notice. It is, however, conceded that the sheriff did not, at the time of the service, read the affidavit to the defendants, nor was the same indorsed upon the copies delivered to them.

The service of an original notice is a ministerial act, and, unless prohibited by statute, is valid if made on Sunday. *State v. Ryan,* 113 Iowa 536; *Nixon v. City of Burlington,* 141 Iowa 316; *Puckett v. Guenther,* 142 Iowa 35.

Section 3522 of the Code is as follows:

"Notice shall not be served on Sunday unless the plaintiff, his agent or attorney makes oath thereon that personal service will not be possible unless then made, and a notice so indorsed shall be served by the sheriff, or may be served by another, as on a secular day."

The indorsement of the required affidavit on the original notice subscribed to by the plaintiff, his agent, or attorney, removes the inhibition of the statute, and authorizes the officer to serve the same on Sunday. The affidavit is, however, no part of the notice. The contents of an original notice, service of which is authorized on Sunday, are governed by Section 3514

of the Code, and must be the same as in a notice served on a
secular day.  The requirement of the statute that the affidavit
of the plaintiff, his agent, or attorney, reciting that, unless made
on Sunday, service cannot be had upon the defendants, be
indorsed upon the original notice, is in no sense for the benefit
of the defendant.  It makes it obligatory upon the officer to
serve the notice on Sunday, and relieves him from the penalty
imposed for the violation of the Sunday statute.  It is true that
defendants were compelled to inspect the notice having the
affidavit and return of the sheriff indorsed thereon, to ascertain
whether the service was authorized; but this did not affect the
validity of the service.  The statute authorizing service of an
original notice to be made on Sunday does not make the affidavit
a part of the notice, nor does it in any way modify either Sec-
tion 3514 or Section 3518 of the Code.  None of the authorities
cited by appellee are to the contrary.  The service was entirely
proper and valid, and the motion to quash should have been
overruled.

It follows that the judgment of the court below is—
*Reversed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.