Argued June 5, affirmed July 8, 1964

# STATE OF OREGON *v.* JORDAN
### 393 P. 2d 766

*Julian Herndon, Jr.,* Portland, argued the cause for appellant. With him on the brief were Buss, Pihl & Herndon, Portland.

*Vincent Ierulli,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL and DENECKE, Justices.

PERRY, J.

The defendant was convicted of larceny and appeals. The record discloses that the larceny occurred at a Fred Meyer store in Portland, Oregon.

■ The defendant assigns as error the trial court's instruction:

"Under the laws of this State, a defendant has the option to take the witness stand to testify in his or her own behalf. When a defendant does so testify, you are to weigh his or her testimony under the same rules as you do that of other witnesses, except for the further fact that you have the right to take into consideration the interest he or she has in the outcome of the case."

The objection is "that the instruction is a comment upon the evidence." The defendant relies upon *State v. Fuller,* 52 Or 42, 96 P 456, *State v. Bartlett,* 50 Or 440, 93 P 243, and *State v. Pomeroy,* 30 Or 16, 46 P 797.

In *State v. Bartlett,* supra, 50 Or 440, 441, the instruction given was as follows:

"In this case the defendants went upon the witness stand as witnesses in their own behalf. I

instruct you that under the statutes of this State a person accused or charged with the commission of a crime is, at his own request, deemed a competent witness, and while you are to give his testimony such weight and credibility as you consider it entitled to, yet you are to consider the fact in connection therewith that he is the accused person testifying in his own behalf. You are not bound to consider the testimony of the defendants as absolutely true, nor any part of it as absolutely true, nor as equal to the testimony of disinterested witnesses. You are to bear in mind that the defendants speak in their own behalf to discharge themselves of a criminal accusation, and you are to consider the great temptation which one so situated is under, so to speak, as to procure his acquittal."

It will be noted, the opinion approves of the instruction to and including "that he is the accused person testifying in his own behalf." It is the latter portion of the instruction that was held to be error as a comment upon the evidence, the court, as to this portion, stating, 50 Or 440, 448:

"Any language, therefore, which might seem even to hint at what the court thought of the merits of a case, ought always to be avoided at a trial of the issue before a jury. Though the judge, in the instruction complained of, said to the jury: 'You are not bound to consider the testimony of the defendants as absolutely true, * * * and you are to consider the great temptation which one so situated is under, so to speak, as to procure his acquittal'—he seems to leave an implication that it was incumbent upon them to consider the defendants' testimony as false, and for that reason to reject it: Clark v. State, 32 Neb. 246 (49 N.W. 367)."

The same holding is to be found in *State v. Fuller* and *State v. Pomeroy,* supra.

The instruction as given in the case before us is a statement of the law and was approved by this court in *State v. Quartier,* 118 Or 637, 247 P 783, and *State v. Tarter,* 26 Or 38, 37 P 53.

■ The defendant also assigns as error the trial court's giving of the statutory instruction (ORS 17.250) to the effect that if a party produces weaker and less satisfactory evidence when it is within his power to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust.

No objection was made to this instruction in the trial court. There is no intimation in the record that either the plaintiff or defendant had not produced all of the evidence in their power to bring before the jury. The instruction in this case was, therefore, abstract and thus to be avoided. Although abstract and only to be given on "all proper occasions," we are of the opinion this instruction did not in anywise prevent the defendant from having a fair trial. *Godvig v. Lopez,* 185 Or 301, 202 P2d 935.

■ The defendant also assigns as error the trial court's sustaining of an objection to a question asked by the defendant of the prosecuting witness:

"Q Now had Fred Meyer been having a complaint from an organization called the NAACP?"

the contention being that defendant was denied the opportunity to show bias and hostility on the part of the witness toward the defendant because of his race.

An examination of the record discloses that, while the objection was sustained at this time, later the defendant was permitted to examine the witness fully as to his bias or prejudice upon this subject. Since the

trial court permitted at a later time the examination for the purpose claimed, the defendant, if error was committed originally, was not prejudiced. *State v. Welch,* 33 Or 33, 54 P 213.

We find no prejudicial error in the record, and the judgment is affirmed.