Argued July 7, affirmed December 28, 1966

## STATE OF OREGON *v.* DENNIS R. KLUTKE

421 P. 2d 956

*Jerry G. Kleen,* Salem, argued the cause and filed a brief for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

McALLISTER, C. J.

The defendant, Dennis Klutke, was convicted *sans* jury of receiving stolen property and sentenced to the Oregon State Correctional Institution, and appeals.

■ The only error assigned is the denial of defendant's motion for judgment of acquittal. This assignment challenges the sufficiency of the evidence to support the judgment, and requires a review of the evidence in the light most favorable to the state. *State v. Fichter*, 226 Or 526, 527, 360 P2d 278 (1961); *State v. Rosser*, 162 Or 293, 340, 341, 86 P2d 441, 87 P2d 783, 91 P2d 295 (1939).

The court could have found from the evidence that on May 23, 1965 a furniture store in the Keizer district adjoining Salem was broken into during the night; that a Packard-Bell portable television set was stolen therefrom; that on the following day the set was in the living room of a residence at 790 Chemawa Road in Keizer, in which defendant and David Gressel and possibly one or more other young men were then living; that defendant was in the room with the stolen property; that Judith Hager, who was then "going with" the defendant saw the set "at Dennis's place"; that "several persons, one of whom was Mr. Klutke," told her that she could have the television set; that she gave Klutke the keys to open her car, and that he later returned the keys to her; that when she went out to her car the television set was in the trunk of her car; and that a day or so later the police took the set from her.

As a witness the defendant testified that he "stayed with" David Gressel at the house on Chemawa Road "maybe seven times, seven nights" and "about a week when I came into town on the weekends and stuff." Defendant denied that he rented the house, but believed Gressel did.

The investigating officers testified that defendant admitted that he knew the set was stolen and that he

knew who had stolen the set, but that "he would take the rap."

In the garbage behind the house on Chemawa Road the officers found torn scraps of paper which, when pieced together, proved to be a document purporting to be a bill of sale executed by John Mack, transferring to Dennis R. Klutke and David J. Gressel title to a Packard-Bell portable television set. The bill of sale, in the lower left-hand corner under the caption "Witnesses", bore the signatures of defendant and three other persons. The evidence does not disclose why the bill of sale was prepared, or that any use was made of it, but it does serve to connect the defendant with the stolen property.

The record contains other evidence, but we think the above is more than ample to sustain the judgment. The evidence was in some respects conflicting and contradictory, but the inferences to be drawn therefrom were for the court. It was not necessary for the state to prove that Klutke's possession of the stolen property was exclusive. *State v. Dickson,* 244 Or 114, 415 P2d 739 (1966).

The judgment is affirmed.