Argued December 14, 1970, affirmed January 14, petition for
rehearing denied February 9, petition for review
denied March 16, 1971

STATE OF OREGON, *Respondent, v.*
DAVID GEORGE GWYTHER, *Appellant.*

479 P2d 248

*Max S. Taggart, II,* Springfield, argued the cause for appellant. With him on the brief were Sanders, Lively & Wiswall, and William Wiswall, Springfield.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

The defendant, Gwyther, was convicted by a jury of the crime of third-degree arson. The relevant portion of the indictment read:

> "The said DAVID GEORGE GWYTHER on or about the 22nd day of January, 1969, in the county aforesaid, did then and there wilfully, maliciously and wantonly set fire to, burn and cause to be burned a U.S. Navy table cover, the property of the United States of America * * *."

On January 22, 1969, United States Navy personnel visited the University of Oregon campus to engage in recruiting. To further this activity they placed Navy literature on a table covered with a cloth which was Navy property. Gwyther and some fellow students at the University apparently decided to express their displeasure. This expression took a form characterized as a mock trial in which Gwyther was the "judge." He made the transition from "judge" to

criminal by burning the Navy table cover as the climax of his performance.

On appeal the defendant contends that the trial court erred in (1) instructing the jury on weaker and less satisfactory evidence, (2) instructing the jury that if they found ownership in either the Navy or the United States of America, the required showing of ownership was satisfied, (3) instructing the jury on the definition of malice, and (4) denying defendant's motion to require the state to elect the exact place it would rely upon as the place of burning.

I

■ The court instructed the jury in the language of ORS 17.250:

"(6) * * * [E]vidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,

"(7) * * * [I]f weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust."

This instruction was abstract. Both sides produced witnesses and the defendant testified in his own behalf. There is nothing in the record to indicate that stronger and more satisfactory evidence was available to either side. However, the instruction was not prejudicial and the mere fact that it was abstract does not warrant reversal. *State v. Jordan*, 238 Or 184, 187, 393 P2d 766 (1964). See also *State v. Livingston*, 2 Or App 587, 469 P2d 632 (1970). We are of the

opinion that this instruction did not in any way prevent the defendant from having a fair trial.

## II

■ Defendant's second assignment of error is specious. We take judicial notice of the fact that property of the United States Navy is property of the United States.

## III

■ The third assignment of error is not properly before this court. No exception was taken to the instruction defining malice. *State v. Truxall*, 2 Or App 214, 467 P2d 643 (1970); *State v. Kniss*, 253 Or 450, 455 P2d 177 (1969).

## IV

■ The trial court did not err in denying defendant's motion to require the state to elect the offense for which defendant was being prosecuted, because the evidence does not disclose a series of criminal acts, among which an election was required, but merely a conflict of testimony as to the exact place at which defendant committed the act charged. The only conflict in the testimony was as to whether the table cover was burned while it was still on the table, or after it had been removed from the table to a point nearby. The resolution of such a conflict is not a function of appellate courts, but, rather, of the trier of the fact—in this case the jury. *State v. Klutke*, 245 Or 302, 421 P2d 956 (1966).

Affirmed.