Argued October 12, affirmed November 23, 1960

# STATE OF OREGON *v.* HOLLEMAN
357 P. 2d 262

*Edward N. Fadeley*, Eugene, argued the cause and filed briefs for appellant.

*Kenneth A. Morrow*, Deputy District Attorney, Eugene, argued the cause for respondent. On the brief was William F. Frye, District Attorney, Eugene.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Howell, Justices.

HOWELL, J. (Pro Tempore)

The defendant appeals from a conviction of contributing to the delinquency of a minor.

The charging portion of the indictment is as follows:

"The said RICHARD DENTON HOLLEMAN on the 29th day of January, 1959, in the County of Lane and State of Oregon, then and there being, and one James Michael Glad then and there being a male child under the age of eighteen years, to-wit: seventeen years; said Richard Denton Holleman

did then and there wilfully do an act, to-wit: did inject into the arm of the said child with needle and syringe certain drugs, to-wit: Sodium Nembutal and Sparine, for the purpose of causing said child to experience the thrill and sensation of the drugged condition created by said injection and not for the purpose of a medical treatment, and did thereby cause said child to experience said drugged condition, to-wit: a condition similar to intoxication through consumption of alcoholic liquor; which said act of said defendant then and there manifestly tended to cause said James Michael Glad to become a delinquent child; contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Oregon."

James Glad and Irving Wilson, two teenaged boys, agreed to purchase some pills from defendant for $10. Five dollars of the purchase price had been contributed by another friend, Gary Statzer. The pills were to be consumed by the boys for a "kick." On January 28, 1959, Glad and Wilson went to defendant's home and purchased the pills. All three of the boys consumed some of them, with no appreciable effect. The next day, January 29, Glad and Wilson returned the balance of the pills and complained to the defendant about the lack of effect. The defendant said he felt "bad" and would put them "straight." The defendant obtained a hypodermic needle and syringe from the rafters in the basement and gave Wilson and Glad an injection of nembutal.

Shortly thereafter the defendant gave the two boys some money and asked them to purchase a bottle of Cheracol cough syrup for him from a drug store. Glad had to sign the exempt narcotics register in order to purchase the Cheracol. The druggist testified that he was required to keep the register to record the sale of exempt narcotics and poisons. The data required,

among other things, the date of the sale. On the boys' return from the drug store the defendant gave Wilson and Glad the injection of sparine.

The defendant contends that the evidence concerning the purchase of Cheracol and the signing of the exempt narcotics register was prejudicial and that the trial court erred in allowing use of the exempt narcotics record to prove the date of the commission of the alleged crime. These two assignments of error will be considered together.

The defendant did not object until after the witness Glad had testified that he went to the drug store at the request of the defendant to purchase the Cheracol cough syrup.

There is no intimation in the record that the purchase of the Cheracol cough syrup constituted a crime or that the defendant made some irregular use of it.

Glad testified that he signed the exempt narcotics register, but he referred to it as the "poison register." The book was marked as an exhibit, and the court indicated it was admissible to establish the date alleged in the indictment. However, the offer of introduction was withdrawn. The court also allowed Wilson to testify concerning the purchase of Cheracol to establish the date. Later in the trial when the register was offered again, the defendant's counsel stipulated that the boys were in the drug store on the particular date indicated, January 29. Upon the stipulation the offer was withdrawn, and the register was not admitted.

The testimony relating to signing the register was admissible to prove the date of the alleged offense. Defendant's offer to stipulate the date of January 29 was not made until after the register was offered the second time. As the defendant does not contend any-

thing irregular concerning the purchase of the Cheracol and defendant's counsel did not object to its introduction initially, we fail to see any prejudice resulting to defendant from references to the exempt narcotics register. Defendant's argument that time was not an essential element of the crime would not prevent the state from proving the date of the offense if it desired.

There is no merit in these two assignments.

■ During cross-examination, defendant's counsel elicited testimony from Glad that the defendant on more than one occasion during their acquaintance had lectured Glad to leave narcotics alone, have nothing to do with them and not to bother him about them. On redirect Glad admitted that the defendant told him how to use a Wyamine nasal inhaler to get a "kick" out of it. The defendant assigns as error the admission of this evidence on redirect examination. Having opened the subject on cross-examination, the defendant is in no position to complain about this testimony. *State v. Holbrook*, 98 Or 43, 188 P 947, 192 P 640, 193 P 434; Wharton's Criminal Evidence, Vol 3 (12th ed) 308, § 896; Underhill's Criminal Evidence, Vol 2 (5th ed, 1960 Sup), 92, § 507A.

■ As his last assignment the defendant asserts error was committed when the state's attorney attempted to impeach Statzer and Glad by showing they had made prior inconsistent statements. The witness Statzer said he did not remember making a prior statement. When the written statement was handed to the witness, the court sustained defendant's objection. When the state attempted to show on redirect the witness Glad had made prior inconsistent statements, the objection was made that the state could not impeach its own witness. No objection was made to the form of the

impeaching question. The state could impeach its own witness by showing prior inconsistent statements. ORS 45.590. See also *State v. Rosser,* 162 Or 293, 348, 86 P2d 441, 87 P2d 783, 91 P2d 295; *State v. Merlo,* 92 Or 678, 173 P 317, 182 P 153. This assignment of error is also without merit.

The judgment is affirmed.