Argued October 12, affirmed November 23, petition for
rehearing denied December 20, 1960

# STATE OF OREGON *v.* HOLLEMAN

357 P. 2d 264

*Edward N. Fadeley,* Eugene, argued the cause and filed briefs for appellant.

*Kenneth A. Morrow,* Deputy District Attorney, Eugene, argued the cause for respondent. On the brief was William F. Frye, District Attorney, Eugene.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

HOWELL, J. (Pro Tempore)

This is a companion case to *State v. Holleman,* decided this date, 225 Or 1, 357 P2d 262.

The facts are generally the same as those in the companion case, except that the prosecuting witness in this case is Irving Wilson. Wilson testified for the state in the first trial.

The defendant sets forth six assignments of error.

■ He first contends that the court erred in giving the statutory instruction on "weaker and less satisfactory evidence" (ORS 17.250(7)), as the defendant did not testify. The trial court did instruct the jury concerning the burden of proof upon the state to prove defendant's guilt beyond a reasonable doubt.

It is not reversible error to give such an instruction when the defendant fails to testify. However, it should be avoided unless it is limited to evidence offered by the state. *State of Oregon v. Patton,* 208 Or 610, 303 P2d 513.

■ The defendant's second assignment of error, that the court should not give "a substantial repetition

of the instructions previously given when the jury requested additional instructions," is obviously without merit, as it is a matter of discretion with the trial court.

■ The defendant asserts he was entitled to a directed verdict because there was "no independent evidence of crime except that of accomplice" and that Wilson was an accomplice. Wilson was not an accomplice. *State v. Du Bois,* 175 Or 341, 349, 153 P2d 521.

■ In the defendant's fourth assignment of error he contends the testimony about purchasing Cheracol cough syrup for the defendant and signing the exempt narcotics register was inadmissible. The evidence was admissible to prove the date of the alleged offense. Counsel's statements to the court that the testimony concerning purchasing Cheracol cough syrup was prejudicial were entirely unsupported by any evidence.

■ The defendant assigns as error testimony concerning the purchase of pills from the defendant on January 28. The pills did not give the desired effect, so the next day the defendant provided the shots of nembutal and sparine as alleged in the indictment. This evidence was preliminary and an integral part of the same transaction. *State v. O'Donnell,* 36 Or 222, 61 P 892; *State v. Willson,* 113 Or 450, 230 P 810, 233 P 259.

There is no merit in defendant's last assignment of error. We have read the transcript in both cases and conclude that the defendant had a fair trial in both instances. The judgment is affirmed.