Argued May 8, affirmed May 28, 1969

STATE OF OREGON, *Respondent, v.*
DENNIS LEE KNISS,
*Appellant.*

455 P2d 177

*Vincent G. Ierulli,* Portland, argued the cause for appellant. With him on the brief were Franklin, Olsen, Bennett, DesBrisay & Jolles.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

McALLISTER, J.

The defendant was found guilty of armed robbery and appeals from a life sentence in the penitentiary.

The only error assigned is the giving to the jury the statutory instruction taken from ORS 17.250 (6) and (7) as follows:

> "You are instructed that evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict. And, therefore, if weaker and less satisfactory evidence is offered by either party when it appears that stronger and more satisfactory evidence was within the power of the party to produce, the evidence offered should be viewed with distrust."

Since no exception was taken in the trial court to the above instruction, we decline to consider the alleged error on appeal. This is not a case in which

452

we "can say that the error is manifest and that the ends of justice will not otherwise be satisfied." *State v. Avent,* 209 Or 181, 183, 302 P2d 549 (1956). On the contrary, this is an appropriate case in which to apply the general rule that "a question not raised and preserved in the trial court will not be considered on appeal." *State v. Braley,* 224 Or 1, 9, 355 P2d 467 (1960); *State v. Abel,* 241 Or 465, 467, 406 P2d 902 (1965).

 Although the above instruction should rarely, if ever, be given in a case in which the defendant does not testify,[1] it could not have been prejudicial in this case. The defendant did not testify, but he produced three witnesses in a futile attempt to prove an alibi and the instruction was applicable to this evidence.

The judgment is affirmed.

_____

[1] State v. Jordan, 238 Or 184, 187, 393 P2d 766 (1964); State v. Betts, 235 Or 127, 135, 384 P2d 198, 7 ALR3d 1445 (1963); State v. Holleman, 225 Or 7, 8, 357 P2d 264 (1960).