Argued February 4, affirmed June 11, 1969

STATE OF OREGON, *Respondent, v.*
MANUEL MANNY PAREJO,
*Appellant.*

455 P2d 605

*J. Marvin Kuhn,* Deputy Public Defender, argued the cause and filed a brief for appellant.

*M. E. Murphy,* Deputy District Attorney, Eugene, argued the cause for respondent. On the brief were John B. Leahy, District Attorney, and John E. Moore, Deputy District Attorney.

Before McAllister, Presiding Justice, and O'Connell, Denecke, Holman and Langtry,[*] Justices.

McALLISTER, J.

The defendant, Manuel Parejo, was convicted in Lane County of armed robbery and rape, both committed as a part of the same criminal episode. He appeals from concurrent sentences of 15 years imprisonment on each charge.

The sole question raised on appeal is whether the court erred in permitting police officers to testify concerning statements made by defendant during custodial interrogation by the officers.

The defendant was identified by a Eugene woman as the young man who, with a drawn knife, forced his way into her apartment and both raped her and robbed her of $30. Within a few hours defendant was arrested and, at the police station, was questioned intermittently for about two hours, after which he was confined in the home for juveniles. One of the officers testified that defendant at first denied being in the victim's apartment, but later admitted being in the apartment and having intercourse with the victim and obtaining money from her, but denied that he had used any coercion. Defendant, as a witness, testified to the same effect.

Before defendant was questioned an officer read the *Miranda*[①] warnings to the defendant from a printed card and had defendant sign the card. Defendant testified that he did not remember the *Miranda* card, but admitted that his signature was on it. He

---

[*] Langtry, J., did not participate in the decision of this case.

[①] Miranda v. State of Arizona, 384 US 436, 86 S Ct 1602, 16 L ed 2d 694, 10 ALR3d 974 (1966).

also testified that the officers had told him at the city hall of his right to an attorney. He further testified that before he was interrogated he knew and understood that he had a right to remain silent, the right to the presence of an attorney, the right to a court-appointed attorney, and that anything he said could be used against him.

Defendant does not contend that his statements were involuntary or that he was not fully advised of his constitutional rights. Defendant complains only because the trial court did not make a finding that defendant in express terms waived his constitutional rights as defined in *Miranda*.

■ We do not reach the waiver question in this case because that question was not raised in the trial court. We call attention, however, to three recent cases in which the question has been decided adversely to defendant's contention: *State v. Davidson,* 252 Or 617, 451 P2d 481, 482-483 (1969); *State v. Matt,* 251 Or 134, 444 P2d 914 (1968); *State v. Wright,* 251 Or 121, 444 P2d 912 (1968).

In this case the court, after a hearing, found that defendant had been adequately warned and that his statements were made voluntarily. Thereafter the testimony concerning the statements made by defendant at the police station was received without any objection whatever. The question now raised was never mentioned to the trial court.

■ It has always been the rule in this state that a question not raised and preserved in the trial court will not be considered on appeal, *State v. Braley,* 224 Or 1, 9, 355 P2d 467 (1960), and cases there cited. If defendant had objected in the trial court on the ground urged for the first time on appeal the trial

court might well have made a finding of express waiver which was implicit in defendant's own testimony. Waiver was also established by the testimony of Officer Behrend, who said:

"I asked him, keeping the right in mind that we just talked about, if he was willing to discuss the incident with us and he advised that he was and I then asked him to place his signature on across the front of the card."

The defendant, by failing to timely object, "deliberately by-passed the orderly procedure", *Fay v. Noia,* 372 US 391, 83 S Ct 822, 9 L ed 2d 837, 869 (1963), established for review of alleged trial court errors and thereby waived his right to appellate review of those errors.

The judgment is affirmed.