Argued January 21, affirmed March 26, petition for
rehearing denied April 22, 1970. Petition for
review denied by Supreme Court
June 9, 1970

# STATE OF OREGON, *Respondent, v.*
# EUGENE AUDIE GARDNER,
## *Appellant.*

467 P2d 125

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Michael E. Murphy,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was convicted by jury of grand larceny and sentenced to 10 years' imprisonment. He appeals assigning improper admission of impeaching testimony and the failure of the court to require a unanimous verdict.

The unanimous verdict assignment has been determined adversely to the defendant in *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

Mr. Richardson, co-owner of a tavern, surprised the defendant, whom he knew, hiding in the tavern office. Richardson recognized defendant, and noticed that a cabinet which held money had been pried open. He frisked defendant, found a quantity of currency in his pocket, and called the police. He later permitted

them to record his report of the incident which included a statement that defendant had "eighty some dollars in his pocket" at the time of the frisk.

When called as a state's witness at the trial, Mr. Richardson testified that he did not know how much money he found in the defendant's pocket. The state then offered that portion of the tape recording containing the statement quoted above as a prior inconsistent statement tending to impeach Mr. Richardson. Defendant objected to its admission as a prior inconsistent statement claiming that the state would first have to establish surprise, that Mr. Richardson was an adverse witness, and that the statement given was prejudicial to the state, citing *State v. Merlo,* 92 Or 678, 173 P 317, 182 P 153 (1919). The court admitted the portion of the tape-recorded statement for the sole purpose of impeachment, and so instructed the jury.

■ ORS 45.590 is the applicable statute. The relevant portion reads as follows:

"The party producing a witness ° ° * may * ° * show that he has made at other times statements inconsistent with his present testimony * * * "

There is no requirement of surprise or that the witness be adverse. *State v. Merlo,* supra, in discussing the statute, holds that the witness must give testimony prejudicial to the party calling him to allow introduction of the impeaching statement.

■ In this case, if the jury believed Richardson's testimony that he did not count the money found by frisking defendant, whom he caught red-handed in his office, they could conclude that Richardson either did not consider this to be the money stolen from him, or had so little concern about it as to raise a ques-

tion in the minds of the jury whether it was, in fact, his money. In this sense, we think Richardson's testimony was prejudicial to the state. No objection was made by the defendant on the basis of materiality.

> "* * * The state could impeach its own witness by showing prior inconsistent statements. ORS 45.590. See also *State v. Rosser,* 162 Or 293, 348, 86 P2d 441, 87 P2d 783, 91 P2d 295; *State v. Merlo,* 92 Or 678, 173 P 317, 182 P 153 * * *." *State v. Holleman,* 225 Or 1, 6, 357 P2d 262 (1960).

Finding the assignments of error without merit, the judgment is affirmed.