**Manuel PAREJO IV, Petitioner,**

v.

**H. C. CUPP, Respondent.**

**Civ. No. 69–520.**

United States District Court,
D. Oregon.

March 30, 1970.

King, Miller, Anderson, Nash & Yerke, Robert L. Haskins, Portland, Or., for petitioner.

Lee Johnson, Atty. Gen., James A. Sanderson, Asst. Atty. Gen., Salem, Or., for respondent.

OPINION

SOLOMON, Chief Judge:

Manuel Parejo, IV, was convicted after a court trial of armed robbery and forcible rape. He was sentenced to concurrent 15-year sentences. The Oregon Supreme Court affirmed. State v. Parejo, 253 Or. 468, 455 P.2d 605 (1969).

Parejo seeks by habeas corpus to set aside his convictions and sentences on the ground that self-incriminating statements were used against him in violation of his constitutional rights.

The State's testimony on the circumstances surrounding the incriminating statements is different from Parejo's testimony. At Parejo's trial, the judge had the opportunity to observe Parejo's demeanor, and the judge found that Parejo was not a credible witness. At Parejo's habeas corpus hearing, I observed Parejo's demeanor. I also compared his testimony at his trial with his testimony at his habeas corpus hearing. I too believe that Parejo's testimony is not worthy of belief. I therefore adopt the State's description of the circumstances surrounding Parejo's statements.

On July 24, 1967, Francine Marie James notified the Eugene police that she had been raped and robbed. Miss James gave a detailed description of her assailant. Several hours later, Detective Cater recognized Parejo as fitting the description and arrested him.

Cater took Parejo to Miss James's apartment, where she identified him through a window. Detective Behrend, who was at Miss James's apartment, then asked Parejo if he was willing to go to City Hall to discuss an incident which had occurred in the apartment. Parejo agreed to go.

Cater, Behrend, and Parejo rode in a police car to City Hall. On the way, Behrend read to Parejo a *Miranda* warning card. Behrend asked Parejo if he understood his rights. Parejo said he did. Behrend asked Parejo if, keeping these rights in mind, he was willing to discuss the incident. Parejo said he was.

At City Hall, Behrend questioned Parejo for approximately two hours. Parejo answered questions freely and without hestitation and without threats or promises. At first, he denied any connection to the crimes. Later, he stated that he engaged in consented intercourse with Miss James and that he bor-

rowed $30 from her on his promise to return the money as soon as he cashed some stolen checks. At no time did Parejo express an unwillingness to talk. Neither did he ask to see an attorney or to make a phone call.

Parejo was a seventeen-year-old high school graduate at the time of his arrest. He had a sandwich and a coke that morning, and he had a coke at noon. Early in the day, he had sniffed glue and smoked marijuana, but by 8:00 P. M., when the questioning commenced, the effects of his "high" had worn off. Parejo had been in juvenile detention homes at least five times prior to his arrest.

The trial judge held a hearing on the voluntariness of Parejo's statements. The judge found that Parejo "was advised of his rights in accordance with the standards set forth in the Miranda case and * * * the statements were freely and voluntarily made." Detective Behrend then testified to Parejo's statements. Later, Parejo took the stand, and he testified that he engaged in consented intercourse with Miss James and that he borrowed the money from her.

■ Parejo contends that the *Miranda* warnings were insufficient because Behrend failed to advise him that his refusal to answer questions could not be used against him in court and that he could stop answering questions at any time. Parejo does not cite any case which requires this advice. Even if I assume that this advice would be required under certain circumstances, I do not believe it was required here. Parejo understood his rights. He answered Behrend's questions freely and without hesitation. He did not express any unwillingness to talk. Parejo made his statements because he believed he could talk his way out of his predicament, and not because he feared that his refusal to talk would be used against him in court or because he believed that once he started talking he had to keep talking. I find that the warnings given Parejo were constitutionally sufficient.

Parejo also contends that his conviction should be set aside because the trial judge did not expressly find that Parejo waived his rights. Detective Behrend testified that Parejo stated that he understood his rights and that, keeping these rights in mind, he was willing to talk. The finding that Parejo knowingly and voluntarily waived his rights is implicit in the trial judge's finding that Parejo was properly advised of his rights and gave free and voluntary statements. The trial judge is not constitutionally required to make an express finding of waiver under these circumstances. United States v. Hayes, 385 F.2d 375 (4th Cir. 1967).

Parejo's contentions are all without merit.

The petition for a writ of habeas corpus is denied.

This opinion shall constitute findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.