Argued July 22, affirmed September 10, 1970

# STATE OF OREGON, *Respondent, v.*
# SAMUEL LEE GREEN, *Appellant.*

### 474 P2d 9

*Douglas M. Fellows*, Portland, argued the cause for appellant. With him on the brief were Hedrick & Fellows, Portland.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

FOLEY, J.

Defendant was convicted by jury of armed robbery and sentenced to seven years' imprisonment. He appeals. Bruce Becker, an attendant at a service station on North Interstate in Portland, was robbed at knife-point by two men about 3 a.m. on November 17, 1967. Becker identified defendant as the robber who held the knife on him.

As one assignment of error, defendant claims the court erred in denying his motion to dismiss. He argues that Becker's identification of him was tainted

by improperly suggestive photographic identification procedures. As defendant points out, he has the burden of establishing that suggestive identification procedures were used. After Becker testified that his identification of defendant was independent of the photos, defendant did nothing to prove otherwise, either by calling other witnesses or with an offer of proof. There was no error in denying defendant's motion to dismiss.

■ As a second assignment of error, defendant claims the court erred in allowing the prosecution to impeach one of its own witnesses. The witness was at the service station at the time defendant arrived and had allegedly seen and recognized defendant immediately prior to the robbery. At the trial the witness departed from his written statement given to police the day after the robbery and testified that he could not identify defendant. The court allowed the prosecutor to attempt to impeach the witness. ORS 45.590 allows a party producing a witness to impeach him by prior inconsistent statements. See *State v. Gardner*, 2 Or App 265, 467 P2d 125 Sup Ct *review denied* (1970). There was no error.

Defendant's third assignment of error is the court's denial of his motion, in the alternative, for an instruction to disregard or a mistrial. During the prosecution's case-in-chief a knife was marked as an exhibit and identified by the victim as similar in size and type to the one used in the robbery. It was offered, but not admitted, in evidence. At the close of the state's case defendant moved, in the alternative, for an instruction to the jury to disregard the exhibit as prejudicial, or for a mistrial. The court denied both motions, stating that the exhibit had been used

for illustration only and to give an instruction on it would unduly emphasize it. However, the court did instruct the jury to base its verdict only on the evidence which had been received.

■ It is defendant's contention that this display of the knife was so prejudicial that corrective action of some sort was necessary. He cites *State v. Harrison,* 253 Or 489, 455 P2d 613 (1969), and *State v. Thompson,* 228 Or 496, 364 P2d 783 (1961), in support of his position. In those cases, unlike the case at bar, the weapons were admitted in evidence. However, those cases do set forth the basic test. As applied to this case, the test is whether the prejudice created by the knife outweighs its usefulness for illustration. As the court said in *State v. Thompson,* supra, 228 Or at 502, "The question must be resolved within the facts of each case." The trial court's instruction to consider only admitted evidence was adequate. We hold the use of the unadmitted exhibit for illustrative purposes was not reversible error.

■ Defendant's last assignment of error, that the court should not have given an instruction on aiding and abetting, is without merit. Since there was evidence that two persons participated in the robbery, the instruction was not in any sense abstract.

Affirmed.