**Virgil Ray COLLINS, Petitioner,**

v.

**G. E. SULLIVAN, Superintendent, Oregon Correctional Institution, Respondent.**

**Civ. No. 69-550.**

United States District Court,
D. Oregon.

Oct. 15, 1970.

William P. Hutchison, Jr., Portland, Or., for petitioner.

Lee Johnson, Atty. Gen. of Or., Jim G. Russell, Asst. Atty. Gen., Salem, Or., for respondent.

OPINION

SOLOMON, Chief Judge:

On November 8, 1967, Virgil Ray Collins was convicted of burglary not in a dwelling. The Circuit Court for Lane County, Oregon, sentenced Collins to a term of four years. Collins contends the sentence violates his federally protected constitutional rights and petitions this Court for habeas corpus relief.

Collins has exhausted his State court remedies. The Oregon Supreme Court affirmed his conviction on April 16, 1969. Oregon v. Collins, 88 Or.Adv.Sh. 233, 453 P.2d 169.

At 4:00 P.M., on July 5, 1967, Merchant Patrolman Glenn L. Logue noticed a broken plate glass window at the front of the Northgate Market in Springfield, Oregon. He looked into the market and saw two figures at the far end of one of the shopping aisles. He ordered them to halt, but they retreated to the back of the store.

Logue circled the store from the outside and found all the side and rear exits locked. When he returned to the broken window, he saw Collins inside the store and ordered him to approach the window. Collins submitted peacefully and Logue handcuffed him to the store's front door handle.

Logue walked to a nearby public telephone and called the Springfield Police. When he returned, he found that Collins was drinking from a half-gallon jug of wine which was two-thirds full. Wine was pouring down the front of Collins' shirt each time he drank.

At about 4:30 A.M., Collins was taken to the Springfield Police Station and booked. Collins was placed in a cell and went to sleep.

Collins had been drinking, but he was coherent, rational, and physically normal.

At 11:30 A.M., Collins was taken from his cell to Detective Burgstrom's office. Collins walked in a normal manner. In the office Burgstrom gave Collins complete *Miranda* warnings. When asked if he understood them, Collins answered, "yes." Collins willingly talked about the burglary without counsel, but refused to sign the *Miranda* warning.

Collins testified that he does not remember any *Miranda* warnings or any of his own actions which indicate that he waived his rights. He testified that he was still drunk from three days of drinking and that he only remembers isolated events during the questioning. I find that Collins' testimony is not worthy of belief.

Collins was arraigned between 2:00 P.M. and 3:00 P.M. He pleaded not guilty but waived jury.

The trial court heard evidence on the questions of whether petitioner was effectively advised of his constitutional rights and whether what he subsequently said was voluntary. The court ruled that the requirements of *Escobedo* and *Miranda* were met and admitted the statements.

■ Before the Supreme Court of Oregon and again here, petitioner contends that the incriminating statements were involuntary because he was not effectively advised of his rights. He contends that since he was affected by alcohol his statements are not admissible.

Like the State courts, I find that Collins' statements were voluntary and that he was effectively advised of his rights.

Petitioner contends that even if his statements were voluntary, he did not waive his rights. He contends that the State did not prove waiver beyond a reasonable doubt; that even if the facts do indicate a waiver, there was no knowing and intelligent waiver because petitioner was affected by alcohol; and that the trial court did not specifically rule that petitioner's waiver was knowing and intelligent.

■ Petitioner contends that this Court should follow the Washington and Mississippi rule that the state must prove waiver beyond a reasonable doubt. Neither the Oregon statutes nor the United States Constitution require such proof. United States ex rel. Lego v. Pate, 308 F.Supp. 38 (N.D.Ill.1970).

Detective Burgstrom gave petitioner his warnings and petitioner waived his rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

Unlike the petitioners in Unsworth v. Gladden, 261 F.Supp. 897, aff'd 396 F.2d

373 (9th Cir. 1968), and In re Cameron, Cal.App., 67 Cal.Rptr. 529, 439 P.2d 633 (1968), Collins had been drinking but he was not drunk. I find that Collins executed a knowing and intelligent waiver.

■ The trial court ruled that petitioner's statement is admissible because it was voluntary and met the requirements of *Miranda, supra,* and *Escobedo, supra.* Petitioner contends that this ruling failed to determine specifically that his statement was the product of a knowing and intelligent waiver of his rights.

A specific finding was not necessary. Parejo v. Cupp, 320 F.Supp. 395 (D.Or., March 30, 1970).

The trial court's ruling was sufficient. United States v. Hayes, 385 F.2d 375 (4th Cir. 1967).

Collins' petition for a writ of habeas corpus is denied.

This opinion shall serve as findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.