Argued June 19, affirmed July 8, reconsideration denied
August 20, petition for review denied September 3, 1975

SCOVILLE, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 34993), *Respondent.*

537 P2d 1170

*Herbert R. DeSelms,* Lincoln City, argued the
cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and
FORT, Judges.

FORT, J.

Claimant appeals from adverse decisions by the
Workmen's Compensation Board and the circuit court

denying his claim for aggravation of a prior industrial injury. He contends that the referee, who ordered the respondent to accept the claim, was correct, and seeks reinstatement of that order.

The record shows that Mr. Scoville filed his claim for a back injury resulting from a fall promptly after his accident of June 18, 1972. Following initial acceptance of the claim and the usual processing procedures, including medical reports and examination, the State Accident Insurance Fund, pursuant to ORS 656.262(6), on October 4, 1972, notified claimant as follows:

"* * * * *

"The State Accident Insurance Fund accepted your claim for a sprain and contusion involving the mid-dorsal area of your spine, injury sustained June 18, 1972. However, we find that another complaint has appeared in our records, which does not appear related to the original injury.

"The Fund is, therefore, now advising all persons involved, that *we are denying responsibility for treatment of your severe anxiety tension state because this condition was neither caused nor aggravated by your injury of June 18, 1972.* We regret that all services rendered in connection with this condition must remain your liability.

"If you are dissatisfied with this denial, you may request a hearing by the Workmen's Compensation Board, Labor and Industries Building, Salem, Oregon, 97310. The request for hearing must be a signed writing with return address filed with the Workmen's Compensation Board within 60 days from the date this notice was mailed. *Failure to file request for a hearing within this time limit will result in the loss of your right to object to this denial.*

"* * * * *." (First emphasis supplied.)

It is conceded that claimant filed no appeal

from the foregoing which expressly denied "responsibility for treatment of your severe anxiety tension state."

Subsequently, on December 7, 1972, the Board entered its Determination Order:

"Mr. Scoville, the Board finds that you were accidently injured while working on-the-job for the employer named below. Based upon all medical reports and all other information submitted, the Closing and Evaluation Division of the Board has determined that the 3 day waiting period does not apply and that you are entitled to compensation for temporary total disability to July 20, 1972, and temporary partial disability from July 20, 1972, to August 10, 1972 and to an award for permanent partial disability of none due to this injury.
"* * * * *

"*This does not involve a Board Determination on any question of relationship to comditions* [sic] *denied in the letter dated October 4, 1972, by insurer to claimant.*" (Emphasis supplied.)

Thereafter, claimant, who was during this period unrepresented by counsel, requested a hearing, although the record is silent on its content or form.

On March 2, 1973, he and respondent entered into the following written stipulation:
"* * * * *

"IT IS HEREBY STIPULATED AND AGREED by and between DONALD L. SCOVILLE, acting personally, and the State Accident Insurance Fund, acting by and through WALLACE CARPENTER, Assistant Chief Trial Counsel, of its attorneys, as follows:

"That claimant suffered an injury to his back on June 18, 1972, and filed a claim therefor; that by Determination Order of the Workmen's Compensation Board, issued and mailed on December 7, 1972, said claim was closed with an award of

temporary total disability to July 20, 1972, and temporary partial disability from July 20, 1972 to August 10, 1972, and no award for permanent partial disability; that by Amended Determination Order issued and mailed on December 11, 1972, temporary partial disability payments were extended to November 13, 1972; that thereafter claimant filed a request for hearing, received by the Workmen's Compensation Board on December 20, 1972, raising the issue of extent of disability;

"NOW THEREFORE, IT IS FURTHER STIPULATED AND AGREED by and between the parties that the matter may be compromised and settled by the State Accident Insurance Fund paying and the claimant accepting an award of 10° unscheduled disability for mid-dorsal back injury; that in consideration of the increased compensation, claimant agrees that the request for hearing may be dismissed with prejudice.

"* * * * *"

Accordingly, on that date the referee for the Workmen's Compensation Board entered an order:

"IT IS HEREBY SO ORDERED, and the request for hearing herein is hereby dismissed with prejudice."

Claimant concedes that no appeal from either order was taken by him to the Board.

Several months thereafter, claimant contacted the Board claiming aggravation of the June 18, 1972, injury. On October 24, 1973, a letter from a physician was furnished to the Board by claimant, as follows:

"* * * * *

"Mr. Scoville presented himself with a letter from you, advising him to be re-examined, to determine if he had sustained aggravation of his injury of June 18, 1972.

"He reports he has not been reinjured, but

claims that his condition remains the same as of the date of closure of his claim. He states that his usual work is a Fry Cook in a restaurant, but finds he cannot tolerate the sustained effort involved in this activity. He has, since his injury, tried to work in a Service Station, and also to manage a Flower Shop. He claims the physical exertion proves, in each case, to aggravate his upper back pain and the symptoms previously reported, surrounding the right Scapula.

"He describes his symptoms as an ache in the back and right Scapular area — a soreness to touch. Then as he continues to use his right arm a heavy fatigue sets in, ultimately causing his right hand to become numb with some tingling sensation in his fingers of the right hand.

"Examination of his back, right Scapula, right shoulder and right upper extremity shows no abnormalities. He has full range of motion in all structures examined, there is no swelling or discoloration. He consistently withdraws when touching, even lightly, the medial tip of his Scapula. And perhaps—perhaps only a slight muscle spasm can be detected of the musculature associated with the right Scapula. Reflexes of the right arm are normal, there are no sensory or coordination defects. Circulation to this area is intact and no problems such as a scaleneus anticus exists.

"I don't know what to make of this problem. I tend to believe he has symptoms, but I can find no cause for them. I have seen other people with similar syndromes, I have one myself—but, like most people, I have to live with it.

"* * * * *"

On December 14, 1973, respondent denied the aggravation claim. Thereafter, claimant secured the services of an attorney and requested a hearing on the denial of his claim for aggravation. The respond-

ent, in its response to that request, expressly denied "[t]hat the claimant's *industrially related* condition has become aggravated since the last arrangement of compensation. (ORS 656.271 [renumbered ORS 656.273])" (emphasis supplied), thus leading to the actions by the referee, the Board and the circuit court above referred to.

Claimant, in his brief, states the only issue presented to this court as follows:

"Where letter of denial of a partial claim is not identified as to statutory agency with authority to make denials of claims and where no proof of mailing purported notice of denial to Claimant by a statutory agency is in the record, is the Hearing Officer [referee] free to consider aggrevation [sic] claim of anxiety tension state."

The record made both before the Board and the circuit court, however, reveals that no such contention was there made. Furthermore, in claimant's testimony before the referee he made no claim that he did not in fact receive the denial letter. Before the referee he contended only that the record failed to show the letter was in fact mailed to claimant or that the address to which it was sent was the correct one.

In his brief before the Board he stated only that he "raises issues of Jurisdiction and the Compensability of Claimant's injury." Its content relates only to the period after the final order, the nature of the alleged aggravation, and the extent of his claimed disability. Not only did he not raise the issue of the adequacy of the record concerning the mailing and receipt of the denial letter of October 4, but he also nowhere alluded to it.

Nor did claimant's brief in the circuit court allude in any way to the contention urged for the first

time here. In his oral argument to the circuit court, the record shows that his then counsel stated:

"* * * Or if he had a preexisting anxiety tension state, as he did in this case, *the State denied responsibility for that in their determination order, and we would agree that they were not responsible for any preexisting state.* * * *" (Emphasis supplied.)

Since the issue now sought to be raised concerning proof of mailing was not presented to the Board or to the circuit court, we decline to consider it here. *Neeley v. Compensation Department,* 246 Or 522, 426 P2d 460 (1967); *Buckner v. Kennedy's Riding Acad.,* 18 Or App 516, 526 P2d 450, Sup Ct *review denied* (1974).

Affirmed.