Argued May 23, affirmed July 14, 1975

STATE OF OREGON, *Appellant, v.* DAVID SCOTT CAMERON (No. C 74-11-3345 Cr), *Respondent.*

538 P2d 94

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Roger D. Wallingford,* Portland, argued the cause for respondent. With him on the brief were Luebke, Wallingford & Gaylord, Portland.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

The state appeals from an order of the trial court granting, after hearing, the defendant's pretrial motion to suppress certain evidence seized by the police substantially contemporaneously with the defendant's arrest. ORS 133.683. The record shows:

> "[THE COURT] The only question I see is in conducting an inventory search before having a vehicle towed by a private towing company to a private garage [sic]. Is the officer authorized to open a paper sack to see what's in it? Isn't that the only question here?

> "MR. KELLER [district attorney]: I believe it is, Your Honor."

Thus it is clear that the state on this appeal is limited solely to the question of the validity of the opening of the paper sack. In its brief the state expressly concedes "the search of the bag in the present case is not justifiable as an inventory search * * *."

The transcript also reveals the following:

> "THE COURT: All right. Gentlemen, I didn't know of the motion to suppress because it had not reached the trial court file this morning, so I had not read the cases you cited, Mr. Wallingford. Frankly, I'm not familiar with them. I can sympathize with the plight of the police officers having the problems they have of not knowing whether they can or can't search.

> "I'm going to read the cases. Why don't we

take a recess, and maybe, Mr. Keller, you can see if this list includes all the cases you had in mind and we will take a look at them in chambers.

"(Recess at 10:40 a.m.)
"(Reconvened at 11:18 a.m.)

"THE COURT: I have reviewed the case of *State v. Keller* and *State v. Childers.*

"Mr. Keller, did you find anything that would add to those authorities?

"MR. KELLER: No, I did not, Your Honor.

"THE COURT: All right. Mr. Wallingford, did you have anything more?

"MR. WALLINGFORD: No, Your Honor."

This was the posture in which this matter was submitted to the trial judge.

On this appeal the state in its brief urges that there are other grounds not raised or discussed in the trial court upon which the search can be upheld. We decline to consider them. To do so would be unfair both to the defendant and to the trial court. Here the state at trial agreed that the sole issue for decision was whether or not the search was valid as an inventory search. In this court it expressly concedes that it was not.

■■ It has long been the rule that a party is bound by material admissions or representations made in open court, and that "a question not raised and preserved in the trial court will not be considered on appeal." *State v. Braley,* 224 Or 1, 9, 355 P2d 467 (1960); *Scoville v. SAIF,* 22 Or App 62, 537 P2d 1170 (1975); *State v. Kniss,* 253 Or 450, 455 P2d 177 (1969); *State v. Parejo,* 253 Or 468, 455 P2d 605 (1969). In *Parejo* the court said:

"The defendant, by failing to timely object, 'deliberately by-passed the orderly procedure', *Fay v. Noia,* 372 US 391, 83 S Ct 822, 9 L ed 2d 837,

869 (1963), established for review of alleged trial court errors and thereby waive his right to appellate review of those errors." 253 Or at 471.

The state is no less bound by this rule than is a defendant.

Affirmed.

SCHWAB, C. J., concurring.

I concur in the reasoning and the result, but would note that it appears to me to be contrary to the result reached by the majority in *State v. Hickmann*, 21 Or App 303, 534 P2d 1153 (1975). In *Hickman*, which involved the search of a teepee, both in the trial court and on appeal, the state relied on probable cause to search plus exigent circumstances excusing the need for a warrant. There, despite the fact that the state not only did not argue consent to search at trial, but did not argue it on appeal, when we found that the search could not be justified absent consent we remanded it for a hearing and determination on the issue of consent.

Here, in the trial court, the state attempted to justify a search as an inventory search, but on appeal argues that it can be justified on other grounds. We state:

"On this appeal the state in its brief urges that there are other grounds not raised or discussed in the trial court upon which the search can be upheld. We decline to consider them. To do so would be unfair both to the defendant and to the trial court. * * *"