Argued March 1, affirmed May 14, 1979

STATE OF OREGON, *Respondent,*
*v.*
TRACY STEVEN WISE, *Appellant.*
(No. 77-5293, CA 11821)

594 P2d 1313

Argued and submitted March 1, 1979.

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Frederick A. Hugi, Eugene, argued the cause for respondent. With him on the brief was J. Pat Horton, District Attorney for Lane County, Eugene.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant was convicted by a jury for manslaughter in the second degree (ORS 163.125) and assault in the third degree (ORS 163.165). He contends that the trial court erred by (1) overruling his objection to certain testimony sought to be elicited from him on re-cross-examination, (2) refusing to give his requested jury instruction on the statutory presumption about the blood-alcohol level to establish intoxication and (3) sentencing him to pay costs without a finding that he was presently able to make payments.

Defendant was the driver of a car involved in a four-car collision which resulted in the death of one of his passengers and serious injuries to others. Defendant and four companions were returning from a swimming party on a well-traveled two-lane road outside of Eugene when they came up behind another car that was being driven below the speed limit. After defendant honked his horn, the driver of the second car speeded up. Defendant followed closely behind the second car for approximately three miles in the hope of passing it. After making one unsuccessful attempt to pass, defendant crossed over the center line into the oncoming lane and accelerated along a straightaway; he failed to clear the second car in time to avoid colliding with an oncoming car which had just come around a curve. That precipitated a chain reaction in which another car coming out of the curve, as well as the car defendant had tried to pass, became involved in the collision.

At trial, defendant admitted that he had drunk two beers but denied that he had smoked marijuana or had used any other drugs during the four-hour period he was at the swimming party. Expert witnesses testified on the basis of blood and urine samples taken from defendant following the collision that he had not consumed drugs but had an estimated blood-alcohol content of .04 or .05 percent at the time of the wreck. During cross-examination of defendant, the prosecutor

attempted to impeach the credibility of his account of the events leading up to the accident by asking if he had previously told two public defender attorneys that he had no recollection of anything that had taken place after the swimming party. He denied making such a statement. On re-direct, however, he claimed that he had told them he could not remember anything about the accident because he did not trust them and did not want them to serve as his lawyers. The relevant parts of the ensuing re-cross-examination are reproduced in the margin.[1]

Defendant argues that what caused him to distrust the public defenders was inadmissible because it was both irrelevant and beyond the scope of the re-direct

[1] "Q: [BY PROSECUTOR]: You say you didn't trust the Public Defenders?
"A: [DEFENDANT]: Yes.
"Q: Your own lawyers?
"A: Yes.
"Q: You wouldn't talk to them?
"A: Not very much.
"Q: Why is that?
"A: Cause I felt that I couldn't trust them to tell them anything that happened. I thought—I felt that they were working for the DA's office.
"Q: What would lead you to believe that?
"A: Cause they were telling me to—
"[DEFENSE COUNSEL]: Your Honor, I'll object to this inquiry into the specifics of the conversations between [defendant] and his previous attorneys. And that sort of thing.
"[PROSECUTOR]: I thought that [defense counsel] brought that out in his examination of the defendant.
"THE COURT: Well, as I recall the sequence of events, [the prosecutor] asked him if he made certain statements and he indicated that he did not. And [defense counsel], as I recall, you're the one that opened up the entire subject. So once you have—once you have opened up the entire subject, [the prosecutor] is entitled to inquire in regard to this.
"Answer the question.
"[DEFENDANT]: What was that last question?
"THE COURT: Read it back.
"Overruled.
(Last question read by reporter.)
"[DEFENDANT]: They were—they were telling me to—to plead guilty of this charge."

examination.[2] The State contends that defendant's objection stated no particular basis upon which the trial court could have made a ruling, and, therefore, defendant failed to preserve the issue properly for appeal.

As a general rule, an aggrieved party must raise a timely and proper objection in order to preserve an issue on appeal. *State v. Parejo*, 253 Or 468, 470-71, 455 P2d 605 (1969). An objection usually requires specification of its grounds, but the objection in this case was general, not specific. Nonetheless, it is clear on the record that the trial judge understood the ground for the objection to be that the State's inquiry exceeded the scope of re-direct examination. The trial court's explanation of why it overruled the objection is itself specific enough to afford a basis for deciding whether error was committed. The objection did not expressly raise the issue of relevancy, and relevancy was neither discussed nor ruled upon by the trial court. A relevancy objection was not so patently obvious as to vitiate the need for specification, and so review on that basis is precluded. *See State v. Cameron*, 22 Or App 85, 87-88, 538 P2d 94 (1975); *State v. Longoria*, 17 Or App 1, 8-9, 520 P2d 912, *rev den* (1974).

Unlike the questions asked of the defendant in *State v. Tippie*, 15 Or App 660, 517 P2d 1063 (1973), *rev'd on other grounds*, 269 Or 661, 525 P2d 1315 (1974), on which defendant primarily relies, the question why defendant did not trust the public defenders follows rationally from the testimony on re-direct examination that he did distrust them. The trial court did not err in finding that the question was properly within the scope of the re-direct examination.

Defendant also maintains that the trial judge should have given the jury a requested instruction based on ORS 487.545(2), which in pertinent part

---

[2] No attorney-client privilege issue was raised below or here.

[307]

reads: "Not less than .10 percent by weight of alcohol in a person's blood constitutes being under the influence." Apart from whether an appropriate instruction based on that statutory presumption could have been composed, by only reciting a part of the statutory scheme for proof of driving impairment by blood-alcohol measurement the requested instruction could have misled the jury into believing that a blood-alcohol level of .10 or more is an absolute prerequisite to finding that defendant was driving under the influence. On its face, ORS 487.545(1) refutes such an inference:

> "At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person driving a motor vehicle while under the influence of intoxicants, if the amount of alcohol in the person's blood at the time alleged is less than .10 percent by weight of alcohol as shown by chemical analysis of the person's breath, blood, urine or saliva, it is indirect evidence that may be used with other evidence, if any, to determine whether or not he was then under the influence of intoxicants."

The trial court properly declined to give the requested instruction. Moreover, the instruction actually given on the issue is not objected to on appeal and was a correct statement of the law.

■ Defendant contests the trial court's order that he immediately pay costs in the sum of $3,057.42 out of the $4,000 deposited with the court to secure his release pending trial. Defendant was also sentenced to serve a term of imprisonment on the manslaughter conviction. Defendant asserts that the court failed to inquire into or make an express finding as to his ability to pay costs, as required by the relevant statutes. ORS 161.665(3) and 161.675(1). The money was deposited (by a third party), subject to an express condition that it could be forfeited for costs. When the trial judge denied the motion by the third party for its return, and referred to it as the source from which the costs could and would be paid, he effectively found

that the defendant had the ability immediately to pay the costs. That was sufficient compliance with the statutes.

Affirmed.