Argued and submitted October 14, order of restitution vacated; otherwise affirmed; remanded for restitution hearing December 14, 1988

STATE OF OREGON,
*Respondent,*

*v.*

LARRY JAY WETZEL,
*Appellant.*

(87-146, 87-205; CA A47150)

765 P2d 835

Arthur P. Stangell, Oregon City, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals from the judgment on his two convictions. Specifically, he appeals the sentences and the order for restitution to the victim.

Defendant pled guilty to Criminal Mischief in the First Degree, ORS 164.365, and Attempting to Elude a Police Officer. ORS 811.540. The trial court signed the judgment on December 22, 1987. Defendant received two one-year jail sentences, to be served consecutively, and a 90-day suspension of his motor vehicle operator's license. Defendant was also required to pay two penalty assessments for victims' assistance totalling seventy dollars. He was ordered to reimburse the state $546 for the cost of his court-appointed counsel. The costs and the fees were to be paid out of his forfeited bail.[1] When defendant objected to the victims' assistance assessments and attorney fee assessments, the court said that the objection would be taken up at the restitution hearing. Defendant filed a notice of appeal on January 14, 1988. On January 26, 1988, the trial court held the restitution hearing and ordered defendant to pay restitution to the victim within one year of his release from custody.

■    Defendant's first assignment of error is that the sentences in the judgment were incorrect, because they varied from the statement by the court at the sentencing hearing. It is clear from the record that the trial court misspoke itself at the hearing and that the judgment was a correct reflection of the court's intent. Even if this were not so, the written judgment controls, and we cannot look behind its terms. *State v. Swain/Goldsmith,* 267 Or 527, 530, 517 P2d 684 (1974).

■    Defendant's second assignment is that the trial court erred by ordering him to pay the penalty assessment for victims' assistance and attorney fees.[2] Penalty assessments for victims' assistance are imposed on all convicted defendants

---

[1] Security was set at $20,000, and $2,000 was posted. The penalty assessments for victims' assistance and the attorney fees came to a total of $616.

[2] At sentencing, defendant objected to the payment of fees, costs and restitution because of his inability to pay and because of the claimed inappropriateness of the imposition of payments in conjunction with a prison term. The trial court said that the objection would be taken up at the hearing on restitution, but the motion as to fees and costs was never explicitly ruled on. Because the court signed the judgment and did not return to the objection, the objection was implicitly overruled.

and are payable within 90 days of judgment, but the court can decline to impose a penalty if it finds the defendant unable to pay. ORS 147.259. Before imposing the cost of appointed counsel, the court must find that a defendant is able to pay. ORS 161.665. If any money is to be paid by a defendant sentenced to a prison term, the court must make a finding of present ability to pay. ORS 161.675. Here, the court stated that the assessments and costs were to be paid out of defendant's forfeited bail, with the balance to be held pending the restitution hearing. Thus, the court properly made a finding of present ability to pay in accordance with ORS 147.259 and ORS 161.675.

■    Defendant's third assignment claims error in the court's findings at the restitution hearing. We need not address the argument, because the trial court lost jurisdiction after defendant filed his appeal. *State v. Jackson,* 228 Or 371, 382-88, 365 P2d 294 (1961). Findings or orders resulting from the hearing have no effect and are void. We remand to the trial court for a hearing on restitution.

Order of restitution vacated; otherwise affirmed; remanded for a restitution hearing.