Submitted September 30, 2015, affirmed June 1, petition for review denied September 14, 2017 (361 Or 886)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELIZABETH LEACHMAN,
*Defendant-Appellant.*

Washington County Circuit Court
D121521T; A156279

398 P3d 919

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

### ARMSTRONG, P. J.

Defendant appeals a judgment convicting her of driving under the influence of intoxicants (DUII), ORS 813.010. She assigns error to the trial court's decision to instruct the jury that it could find defendant guilty of DUII if it found that she had driven under the influence of intoxicants, the influence of a controlled substance, or the influence of a combination of the two. Defendant contends that, because the state had alleged in the charging instrument that she had driven while "under the influence of intoxicants, to-wit: intoxicating liquor and controlled substances," the jury could convict her of DUII only if it found that she had driven under the influence of both alcohol and a controlled substance, and, hence, that the court erred in instructing the jury otherwise. We conclude that the trial court did not err and affirm.

A person called 9-1-1 and reported seeing a car being driven against the direction of traffic and into a convenience store parking lot. Officer Will was dispatched to the convenience store to investigate. Will saw the car that the caller had identified leave the parking lot as he arrived. He followed the car and watched it stop at every intersection that its driver encountered, even those at which it was unsafe and unlawful to stop. Will initiated a traffic stop by activating the emergency lights of his patrol car. Defendant stopped her car as directed and identified herself to Will. Will noticed that defendant had bloodshot eyes and that she repeated herself throughout his encounter with her.

Officer Nunley arrived at the scene while Will was speaking with defendant, and Nunley took over the investigation. Nunley came to believe that defendant was intoxicated. Defendant's answers to Nunley's questions were often unresponsive and contradictory. Furthermore, defendant handed Nunley a debit card when he asked to see her driver's license. Defendant performed field sobriety tests at Nunley's request, and Nunley arrested her after she failed the tests. Before transporting defendant to the police station, Nunley asked her if she had taken any medications. Defendant responded that she had taken Xanax, although it was unclear from her answer whether she had taken it that

day or the day before. Nunley asked defendant to submit to a breath test at the police station. Defendant agreed to take the test; however, she would not blow into the Intoxilator when Nunley directed her to do that. While in custody, defendant told Nunley that she had consumed two glasses of wine several hours earlier.

The state charged defendant by complaint with DUII, alleging that defendant "did unlawfully drive * * * under the influence of intoxicants, to-wit: intoxicating liquor and controlled substances." The case proceeded to trial. Nunley testified that he believed that defendant had driven while under the influence of alcohol. Will testified that he likewise believed that defendant had driven while under the influence of an intoxicant, but he did not specify whether defendant's intoxication was caused by Xanax or alcohol or a combination of them.

The trial court discussed its proposed jury instructions with the parties at the conclusion of the state's case. Defendant objected to an instruction that told the jury that it could convict defendant of DUII if it found that she had driven "under the influence of intoxicating liquor and/or a controlled substance." Defendant reasoned that, because the complaint alleged that she had driven "under the influence of intoxicants, to-wit: intoxicating liquor and controlled substances," the jury could convict her of DUII only if it found that she had driven under the influence of both alcohol and a controlled substance and, consequently, the jury instruction impermissibly allowed the jury to convict her of DUII if it found that she had been under the influence of one intoxicant but not the other. She contended, in other words, that, by including the phrase "intoxicating liquor and controlled substances," the state had effectively elected to proceed to trial under a theory of combined intoxication, so it was required to prove that defendant was impaired by both alcohol and controlled substances. The trial court rejected defendant's argument and ultimately instructed the jury that it could find defendant guilty of DUII if it found that she had driven under the influence of alcohol, of a controlled substance, or of a combination of the two. The jury convicted defendant of DUII, and the trial entered a judgment of conviction. Defendant appeals the judgment.

It is helpful to begin our discussion with a review of the law on the amendment of charging instruments. A jury instruction can have the effect of amending a charging instrument. *State v. Alben*, 139 Or App 236, 243, 911 P2d 1239, *rev den*, 323 Or 153 (1996). Generally, a trial court may amend a charging instrument if the amendment involves a change that is one of form rather than substance. *See, e.g., State v. Long*, 320 Or 361, 371, 885 P2d 696 (1994), *cert den*, 514 US 1087 (1995) (trial court permissibly altered charge through jury instruction when alteration was one of form rather than substance). In determining whether an amendment is substantive, the court considers, among other things, whether the amendment adds an element to a charged crime or alters a defense that was available to the defendant. *See, e.g., State v. Wimber*, 315 Or 103, 114, 843 P2d 424 (1992).

Here, defendant concedes that the state generally can plead alternative factual theories in a charging instrument and prove all or only one of those theories at trial. She contends, however, that the state's allegation in this case that defendant was under the influence of a combination of alcohol and a controlled substance alleged an essential element of the crime of DUII, and, therefore, an amendment of that allegation would constitute a substantive amendment of the complaint, which the trial court lacked the authority to make at trial.

ORS 813.010 defines the crime of DUII and provides, as relevant:

"(1)   A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a)   Has 0.08 percent or more by weight of alcohol in the blood of the person * * *;

"(b)   Is under the influence of intoxicating liquor, cannabis, a controlled substance or an inhalant; or

"(c)   Is under the influence of any combination of intoxicating liquor, cannabis, a controlled substance and an inhalant.

"(2)   A person may not be convicted of driving while under the influence of intoxicants on the basis of being

under the influence of a controlled substance or an inhalant unless the fact that the person was under the influence of a controlled substance or an inhalant is pleaded in the accusatory instrument and is either proved at trial or is admitted by the person through a guilty plea."

Defendant relies on two salient features of the DUII statute to argue that the different forms of intoxication listed in paragraphs (1)(a) to (1)(c) constitute elements of the crime of DUII. She contends that the legislature's decision to include separate paragraphs in ORS 813.010(1) that identify different forms of intoxication evinces an intention to make the form of intoxication an element of the crime. Additionally, she posits that the pleading requirement imposed by ORS 813.010(2) supports her understanding of the DUII statute.

The Supreme Court has already rejected in *State v. King*, 316 Or 437, 852 P2d 190 (1993), *overruled on other grounds by Farmers Ins. Co. v. Mowry*, 350 Or 686, 261 P3d 1 (2011), the argument that the legislature's decision to include separate intoxication paragraphs in ORS 813.010(1) evinced an intention by the legislature to make the form of intoxication an essential element of the crime of DUII. In that consolidated appeal, the defendants had been separately tried and convicted of DUII. They contended on appeal that the trial courts in their respective cases had erroneously rejected their requests to instruct the jurors that, to convict the defendants of DUII, the jurors had to agree on the statutory paragraphs in ORS 813.010(1) that the defendants had violated, that is, that they had to agree on the form of intoxication that had caused the defendants to be intoxicated.

In rejecting that argument, the Supreme Court began by noting that the jury-concurrence instructions requested by the defendants were required only if each intoxication paragraph in the DUII statute, *viz.*, paragraphs (1)(a) to (1)(c), stated an essential element of a separate DUII offense. *King*, 316 Or at 442. It then examined the text, context, and legislative history of ORS 813.010 and concluded that "the legislature intended to establish one single offense of driving under the influence of intoxicants" that has only

two elements: "that the accused (1) drove a motor vehicle (2) while under the influence of intoxicants." *Id.* at 446. Because paragraphs in (1)(a) to (1)(c) in the DUII statute identified three different ways that a defendant's conduct could satisfy an essential element of a single crime—*viz.*, the element of being influenced by an intoxicant—it followed that the trial courts had not erred in refusing to give the defendants' requested concurrence instructions. *Id.* at 447 ("We have examined the language and history of ORS 813.010(1) and have determined that the legislature intended that DUII be a single offense with alternative means of proving the element of being under the influence of intoxicants.").

Defendant contends that *King* is not controlling here because the Supreme Court did not consider the import of ORS 813.010(2) in *King.* She further contends that we effectively concluded in *State v. Stiles*, 165 Or App 584, 998 P2d 703 (2000), that, notwithstanding *King*, ORS 813.010(1)(c) *does* identify an essential element of the crime of DUII even if the other two paragraphs in ORS 813.010(1) do not. We disagree with defendant's understanding of *Stiles* and the import of ORS 813.010(2).

The state charged the defendant by traffic citation in *Stiles* with violating "ORS 813.010/DUII." 165 Or App at 588. The state presented evidence at trial that the defendant was under the influence of either alcohol or marijuana when he drove. The defendant moved for a judgment of acquittal at the close of the state's case, reasoning that, "under ORS 813.010(2), the jury could not convict defendant of driving under the influence of a controlled substance (marijuana) because the [traffic citation] did not specifically allege the use of a controlled substance." *Stiles*, 165 Or App at 588 (footnote omitted). The trial court denied the motion, and the jury began deliberations. During its deliberations, the jury asked the court whether it could find the defendant guilty on the basis that the defendant was impaired by alcohol in combination with a controlled substance or whether its inquiry was limited to whether the defendant was impaired by alcohol. Over the defendant's objection, the court told the jury that it could find the defendant guilty under either theory. The jury found the defendant guilty.

The defendant argued on appeal that the trial court had erred in denying the motion for a judgment of acquittal and in instructing the jury that it could find him guilty of DUII if it found that he had been under the influence of both alcohol and marijuana. Our analysis of that argument focused on ORS 813.010(2) and its legislative history. After noting that ORS 813.010(2) was enacted to respond to federal legislation that authorized the federal government to withhold highway funds from any state that did not suspend the licenses of people convicted of driving under the influence of controlled substances, we concluded that "ORS 813.010(2) is, at base, a record-keeping or 'tracking' mechanism." *Stiles*, 165 Or App at 592. Therefore, we reasoned, ORS 813.010(2) precluded the jury from convicting the defendant of DUII on the ground that the defendant had been under the influence of a controlled substance and alcohol "unless the accusatory instrument alleges the defendant's use of a controlled substance." *Id.* at 594. We further concluded, however, that, because the state had presented evidence from which a factfinder could have found that the defendant had driven while under the influence of alcohol, the proper disposition was to reverse the defendant's conviction and remand the case to the trial court to allow the state to decide whether to retry the defendant for DUII for driving while intoxicated by alcohol.

We reject defendant's contention that *Stiles* undercuts the Supreme Court's analysis in *King*. Those cases addressed two distinct questions. The Supreme Court in *King* was required to resolve whether the forms of intoxication listed in the DUII statute identified a separate element of DUII, and the court held that they did not. 316 Or at 447. *Stiles* presented an altogether different question: Did ORS 813.010(2) require the state to allege that the defendant was under the influence of a controlled substance to convict him of driving under the influence of a controlled substance? We held that it did, not because the use of a controlled substance was a separate element of the crime of DUII, but, rather, because ORS 813.010(2) required that allegation to be included in a charging instrument for record-keeping purposes. We did not hold—nor, in light of *King*, could we have

held—that ORS 813.010(1)(c) identifies a separate, essential element of the crime of DUII.

In sum, we reject defendant's argument that the forms of intoxication identified in ORS 813.010(1) make the form of intoxication an element of the crime of DUII. To the extent that the court's jury instruction could be understood to have amended the complaint under which the state had prosecuted defendant, the amendment did not add nor alter an element of the charged crime. Hence, if the instruction amended the complaint, it was an amendment that the trial court had the authority to make.

Affirmed.