LAGESEN, P. J.
*758 Defendant appeals a judgment of conviction for three counts of unlawful sexual penetration in the first degree, ORS 163.411. He contends that (1) the mandatory 300-month sentence imposed on each count of conviction is unconstitutionally disproportionate, in violation of Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution, and that the trial court erred in concluding otherwise; (2) the trial court committed plain error when it ordered him to pay $1,600 toward the cost of court-appointed counsel; and (3) the court erred in ordering him to pay a "Mandatory State Amt." of $107. For the reasons that follow, we accept the state's concession that the trial court erred in imposing a mandatory state amount and reverse the portion of the judgment ordering defendant to pay that amount, but otherwise affirm.
The facts pertinent to the issues on appeal are largely procedural and, in any event, are not disputed. Defendant, who was 20 years old at the time, used his hand to penetrate the vagina of a nine-year-old girl. He did so multiple times over the course of a two-day period. For that conduct, a jury convicted defendant of three counts of unlawful sexual penetration in the first degree, ORS 163.411. On each of the three counts, the trial court sentenced defendant to concurrent 300-month terms of incarceration, as required by ORS 137.700(2)(b)(F). It did so over defendant's objection that the 300-month term of *439 imprisonment was unconstitutionally disproportionate, both facially and as applied to him, in violation of Article I, section 16, and the Eighth Amendment.
Before trial, defendant twice posted security deposits to secure his release from jail. He posted $10,000 to secure his release initially and, after he had been jailed again for violating the conditions of his release, he posted another $2,500. Each time defendant posted money as security, he signed an agreement. In that agreement, he acknowledged that the amounts posted would be used to satisfy any financial obligations imposed in the instant case and any outstanding financial obligations from prior cases and, therefore, might not be returned to him:
*759 "1. AS THE PERSON POSTING SECURITY, YOU MAY NOT HAVE YOUR MONEY RETURNED.
"The security deposit you are posting, less the security release costs (15%), will be applied toward payment of any unpaid fines, costs, application fees, contribution fees, assessments, restitution or court-appointed attorney fees and expenses that the defendant may have in this case or on any other court case where the defendant owes money to the court, including the defendant's past due child support obligations. If all of defendant's financial obligations have been satisfied, any remaining security deposit balance may be applied to financial obligations you owe to the Court."
(Underscoring, emphasis, and capitalization in original.) When sentencing defendant, the trial court relied on the monies that defendant had posted as security to find that defendant had funds available to pay $1,600 in court-appointed attorney fees: "Court finds based upon the fact that there was bail, security posted, that there [are] monies available to contribute to attorney fees under the Oregon Indigent Defense guidelines. That's $1600 attorney fee obligation on count one." The court further ordered that $1,600 in attorney fees and the fine that it had imposed "would come out of the security post." Defendant did not object when the court explained what it was doing.
The trial court also imposed a "Mandatory State Amt." of $107 in its written judgment, but did not inform defendant that it was going to do so before it entered the judgment.
Defendant appealed. As noted, he contends that (1) the trial court erred by rejecting his constitutional challenges to the 300-month sentences under ORS 137.700 ; (2) the trial court plainly erred "when it required defendant to pay court-appointed attorney fees as part of his sentence"; and (3) erred in requiring him to pay the $107 mandatory state amount.
We start with defendant's constitutional challenges to his sentence, reviewing the trial court's rejection of those challenges for legal error. See State v. Conrad , 280 Or. App. 325, 333-34, 381 P.3d 880 (2016), rev. den. , 360 Or. 851, 389 P.3d 1141 (2017). Defendant explicitly acknowledges that we have rejected *760 nearly identical as-applied constitutional challenges in a number of cases that are not distinguishable from this one in any material way: State v. Hoover , 250 Or. App. 504, 280 P.3d 1061 (2012) ; State v. Wiese , 238 Or. App. 426, 241 P.3d 1210 (2010) ; State v. Shaw , 233 Or. App. 427, 225 P.3d 855 (2010) ; State v. Alwinger , 231 Or. App. 11, 217 P.3d 692 (2009), adh'd to as modified on recons. , 236 Or. App. 240, 236 P.3d 755 (2010) ; State v. Pardee , 229 Or. App. 598, 215 P.3d 870, rev. den. , 347 Or. 349, 222 P.3d 30 (2009). Defendant contends that those cases are "wrongly decided," but does not assert that the criteria for overruling our precedent are met. See generally State v. Civil , 283 Or. App. 395, 388 P.3d 1185 (2017) (identifying the circumstances in which we will consider overruling prior precedent). Under those circumstances, defendant's as-applied Article I, section 16, and Eighth Amendment challenges to his 300-month sentences must fail as contrary to binding precedent. As for his facial challenges, our rejection of his as-applied challenges compels us to reject them too. Pardee , 229 Or. App. at 600, 215 P.3d 870 (explaining that a conclusion that a sentencing statute is constitutional as applied to a particular defendant necessarily defeats an argument that the statute is unconstitutional on its face). *440 We turn to defendant's challenge to the imposition of $1,600 in court-appointed attorney fees. Defendant concedes that he did not object to the imposition of fees, and requests that we review for plain error. Pointing to State v. Baco , 262 Or. App. 169, 170-71, 324 P.3d 491 (2014) ; State v. Pendergrapht , 251 Or. App. 630, 284 P.3d 573 (2012) ; and State v. Kanuch , 231 Or. App. 20, 24, 217 P.3d 1082 (2009), defendant asserts that the trial court's imposition of fees was plainly erroneous for two distinct reasons: (1) the trial court did not make the finding that defendant "is or may be able to pay" the fees, as required by ORS 151.505(3) and ORS 161.665(4) ; and (2) the record contains no evidence to support a finding that defendant "is or may be able to pay" fees.
To be eligible for correction as "plain error," an alleged error, among other things, must appear "on the record," ORAP 5.45(1), and must be predicated on a legal point that is "obvious, not reasonably in dispute." State v. Brown , 310 Or. 347, 800 P.2d 259 (1990). Here, defendant has not demonstrated *761 any plain error by the trial court. That is so, primarily, because defendant's arguments do not grapple with the trial court's explicit basis for imposing fees. Instead, defendant's arguments ignore the process employed by the trial court to impose fees, and the factual predicate for the court's imposition of fees. Defendant asserts that the trial court did not make the statutorily required on-the-record finding regarding defendant's ability to pay fees, but that assertion is contradicted by the record. The trial court expressly found on the record that defendant had funds available to pay fees from the monies that had been deposited as security. Defendant further asserts that the record contains no evidentiary basis to support a finding that defendant "is or may be able to pay fees" but, again, defendant does not explain why the funds available from defendant's security deposit-the funds on which the trial court expressly relied to find that defendant had money available to pay the fees-are insufficient to support the trial court's determination regarding defendant's ability to pay.
Apart from the fact that defendant's arguments do not address the basis for the trial court's imposition of fees, any error by the court is not obvious for another reason. As the state points out, our case law affirmatively authorizes a trial court to find that a defendant has the ability to pay court-appointed fees when security was posted, as it was here, subject to the express condition that the funds be used for defendant's court-appointed attorney fees or other court-ordered financial obligations, if present.[1]
In State v. Wise , 40 Or. App. 303, 594 P.2d 1313 (1979), we held that the trial court properly awarded fees when a third party had posted a security deposit for the defendant subject to the condition that the money could be used to pay the defendant's costs. We explained:
*762 "Defendant asserts that the court failed to inquire into or make an express finding as to his ability to pay costs, as required by the relevant statutes. * * * The money was deposited (by a third party), subject to an express condition that it could be forfeited for costs. When the trial judge denied the motion by the third party for its return, and referred to it as the source from which the costs could and would be paid, he effectively found that the defendant had the ability immediately to pay the costs. That was sufficient compliance with the statutes."
Id. at 308-09, 594 P.2d 1313.
In State v. Twitty , 85 Or. App. 98, 106, 735 P.2d 1252, rev. den. , 304 Or. 56, 742 P.2d 1187 (1987), we relied on Wise to hold that the trial court properly ordered the defendant to pay attorney fees where the defendant himself had posted a security deposit subject to the express condition that the *441 monies could be used to satisfy the defendant's financial obligations:
"Defendant's final assignment is that the trial court erred in ordering that the costs of prosecution be deducted from his security deposit. The security deposit was made subject to the express condition that it would be 'available to satisfy defendant's obligations (fines, attorney fees, victim restitutions, etc.) under judgment.' The trial court inquired into defendant's ability to pay the costs, * * * and the record indicates that the security deposit was posted by defendant. The trial court did not err in ordering that the costs of prosecution be deducted from defendant's security deposit."
Id . (citation omitted).
Finally, in State v. Wetzel , 94 Or. App. 426, 428-29, 765 P.2d 835 (1988), we sustained a trial court's order requiring the defendant to pay attorney fees against a challenge that the defendant lacked the ability to pay fees, where the court ordered the fees paid from the defendant's forfeited bail, which exceeded the amounts imposed in fees and other penalties. We explained, "Here, the court stated that the assessments and costs were to be paid out of defendant's forfeited bail, with the balance to be held pending the restitution hearing. Thus, the court properly made a finding of present ability to pay in accordance with [the applicable statutes]." Id. at 429, 765 P.2d 835.
*763 Wise , Twitty , and Wetzel all appear to stand for the proposition that a trial court can find that a defendant has the ability to pay a fee award where, as here, a security deposit has been made subject to the express condition that it may be used to pay fees or has been forfeited in a way that makes the funds available to pay a defendant's financial obligations. Yet defendant has not addressed those cases on appeal, responded to the state's arguments about them, or otherwise articulated a theory as to how it is "obvious" that the trial court erred by finding that defendant had the capacity to pay fees based on the funds available as a result of the security deposit monies. Further, the cases on which defendant does rely do not address the specific issue presented here: Whether a trial court may rely on the availability of funds posted as a security for pretrial release to find that a defendant is or may be able to pay fees when such funds were posted subject to the condition that they would be used to satisfy court-ordered financial obligations. Those cases stand merely for the generalized proposition that a trial court must make the statutorily required findings as a prerequisite to imposing fees, and that there must be evidence to support any finding made by the trial court. Under those circumstances, any error by the trial court is not plain. See State v. Althof , 273 Or. App. 342, 344, 359 P.3d 399 (2015), rev. den. , 358 Or. 550, 368 P.3d 25 (2016). We reject defendant's challenge to the imposition of attorney fees for that reason.
Defendant's final assignment of error challenges the trial court's imposition of a $107 "Mandatory State Amt." without any statutory authority for the imposition of that financial obligation. Although defendant did not preserve the assigned error, the record reflects that defendant was not afforded a meaningful opportunity to object to the imposition of the obligation. For that reason, we agree with the parties that defendant is excused from the ordinary requirements of preservation. Peeples v. Lampert , 345 Or. 209, 220, 191 P.3d 637 (2008). Further, the state concedes that the trial court erred in requiring defendant to pay the $107. We agree and accept the state's concession. See State v. Machado , 278 Or. App. 164, 373 P.3d 1224 (2016) (reversing portion of judgment imposing $60 "mandatory state amount" because the court lacked statutory authority to impose it). Accordingly, *764 we reverse the portion of the judgment that imposes a $107 mandatory state amount.
Portions of the judgment requiring defendant to pay a $107 "Mandatory State Amt." reversed; otherwise affirmed.

By contrast, we have sustained a challenge to a fee award based on a security deposit when there was no indication that the security deposit funds at issue had been deposited under the condition that they could be used to pay a defendant's financial obligations or otherwise had been forfeited. State v. Nichols , 68 Or. App. 922, 923, 683 P.2d 565 (1984). We explained that, standing alone, the fact that a security deposit has been posted does not support a finding that a defendant has the ability to pay fees: "A defendant is not necessarily able to pay attorney fees simply because he, or a friend or relative on his behalf, has posted a security deposit." Id .