EGAN, C. J., concurring.
I concur in the majority's opinion. However, I write separately to emphasize that the plain-error posture of this case prevents us from reevaluating, in light of unsettled case law and policy concerns, whether the trial *442 court properly found that defendant had the ability to pay $1,600 in court-appointed attorney fees based on the existence of a security deposit with an express condition that the deposit may be used to pay such fees.
I am of the view that the alleged error is not obvious because it is based on a point of law that is reasonably in dispute. Here, whether the trial court erred in finding that defendant had the ability to pay fees turns on whether the amounts posted as security are evidence of a defendant's ability to pay. Our case law pertaining to that issue is unsettled. On the one hand, State v. Wetzel , 94 Or. App. 426, 765 P.2d 835 (1988), State v. Twitty , 85 Or. App. 98, 735 P.2d 1252, rev. den. , 304 Or. 56, 742 P.2d 1187 (1987), and State v. Wise , 40 Or. App. 303, 594 P.2d 1313 (1979), all seemingly point to the proposition that trial courts are allowed to take into account the amounts posted as security in determining a defendant's ability to pay attorney fees. On the other hand, we have also sustained a challenge to a fee award when a defendant's son had posted the security deposit. State v. Nichols , 68 Or. App. 922, 923, 683 P.2d 565 (1984) ("A defendant is not necessarily able to pay attorney fees simply because he, or a friend or relative on his behalf, has posted a security deposit."). As the state acknowledges in its brief, "the cited cases suggest that the issue is unsettled."
Further, recent case law has extrapolated on the type of evidence that permits an "objective, nonspeculative" assessment of the defendant's present or future ability to pay court-appointed attorney fees. State v. Mendoza , 286 Or. App. 548, 550, 401 P.3d 288 (2017) ("Such evidence may consist of information about the defendant's financial resources, *765 educational background, work history, and anticipated future employment or educational status, to the extent there is a nonspeculative basis for assessing that future status."). Significantly, however, the appellate courts have not had the occasion to reconsider whether the amounts posted as security are evidence of a defendant's ability to pay. If defendant had properly raised that issue in this case, we would have had the opportunity to examine it in light of more recent precedent and policy concerns.[1]
That leads me to my overarching observation. In my view, the ability of friends or family to pay security for a person whom they believe and trust to comply with the terms of release is completely separate from a defendant's indigence and ability to pay for an attorney. The message that our criminal justice system sends when it confiscates money intended for security but which is applied to indigent defense is clear: We will punish any faith that friends and family have in criminal defendants. In more polite terms, this practice acts as a disincentive to the payment of security. A disincentive to provide security for a family member or friend who clearly qualifies for security and who fully complies with the terms of that security is, by its very nature, a policy decision to jail people who cannot afford to pay the price of freedom out of their own pockets.
Because the plain-error posture of this case prevents us from resolving the issue of whether a trial court is permitted to find that a defendant has the ability to pay attorney fees based on the existence of a security deposit, I respectfully concur.

This recent case law suggests to me that, in determining whether a defendant has the ability to pay court-appointed attorney fees, reliance on a security deposit-particularly one posted by a third party-that expressly permits the deposit to be used to pay a defendant's fees may be problematic. That is so because, in those circumstances, the defendant is not a party to the security agreement and the availability of funds posted by the third party says nothing about the defendant's ability to pay.