PER CURIAM
*414 Defendant appeals from a judgment convicting her of driving under the influence of intoxicants (DUII), ORS 813.011, and imposing court-appointed attorney's fees, and a probation violation judgment revoking probation for an earlier conviction for driving while suspended. The trial court denied defendant's motion for judgment of acquittal on the DUII count on the ground that, when the state alleges the "combination" theory of DUII-that a defendant was under the influence of intoxicating liquor and controlled substances-it may prove guilt with evidence that the defendant was impaired by alcohol alone. The trial court also ordered defendant to pay a $634 court-appointed attorney fee from a security amount of $5,000 that had previously been posted by a third party. On appeal, defendant contends that the court erred in denying her motion for judgment of acquittal and plainly erred in ordering her to pay court-appointed attorney fees from the previously posted security deposit. We affirm.
The resolution of this case is controlled by State v. Leachman , 285 Or. App. 756, 398 P.3d 919, rev. den. , 361 Or. 886, 403 P.3d 762 (2017), and State v. Thomas , 292 Or. App. 756, 426 P.3d 437 (2018). In Leachman , we held that the jury could convict the defendant of DUII if it found that she had driven under the influence of intoxicants, the influence of a controlled substance, or the influence of a combination of the two. 285 Or. App. at 757, 398 P.3d 919. We rejected the defendant's argument that, because the state had alleged that the defendant had driven while "under the influence of intoxicants, to-wit: intoxicating liquor and controlled substances," the jury could convict her of DUII only if it found that she had driven under the influence of both alcohol and a controlled substance. Id. In other words, we rejected the defendant's argument "that the forms of intoxication identified in ORS 813.010(1) make the form of intoxication an element of the crime of DUII." Id. at 762-63, 398 P.3d 919. Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal because the state needed to prove only that defendant was impaired by alcohol, not by a combination of alcohol and controlled substances.
*415 In Thomas , we held that the defendant did not demonstrate any plain error by the trial court when it imposed $1,600 in court-appointed attorney fees. 292 Or. App. at 761. We rejected the defendant's argument that the trial court did not make the *932 statutorily required on-the-record findings regarding the defendant's ability to pay fees given the court's finding that the defendant had the funds available to pay fees from the monies that had been deposited as security. Id. Moreover, we explained that any error was not obvious given our case law that authorizes a trial court to find that a defendant has the ability to pay court-appointed fees when security was posted, subject to the express condition that the funds be available to pay a defendant's financial obligations. Id. Thus, given evidence in the record that someone sharing defendant's last name posted $5,000 in security on defendant's case subject to the express condition that it may be applied to fines, fees, or court ordered financial obligations, any error by the trial court is not plain.
Affirmed.