PER CURIAM
*786 *520 Defendant appeals from a judgment of conviction for fourth-degree assault constituting domestic violence and harassment, both misdemeanors. The state moves pursuant to ORS 138.225 for summary affirmance on the ground that the appeal does not present a substantial question of law. We grant the motion and affirm.
At sentencing the trial court ordered defendant to pay a $184 court-appointed attorney fee from a security amount totaling $7,500 that had been previously posted. On appeal, defendant contends that the court plainly erred in ordering him to pay court-appointed attorney fees from the previously posted security deposit without first finding that he had the ability to pay those fees. At the time security was posted, defendant signed a release agreement containing an express condition that the security amount would be applied to fines, fees, or court ordered financial obligations arising out of this case or any other case involving defendant.
The resolution of this case is controlled by State v. Thomas , 292 Or. App. 756, 425 P.3d 437 (2018). In Thomas, we held that the defendant did not demonstrate plain error by the trial court when it imposed $1,600 in court-appointed attorney fees. Id . at 760-61, 425 P.3d 437. We rejected the argument that the trial court did not make the statutorily required on-the-record findings regarding the defendant's ability to pay fees given the court's finding that the defendant had the funds available to pay fees from the security deposit monies. Id. at 760, 425 P.3d 437. Moreover, we explained that any error was not obvious given our case law authorizing a trial court to find that a defendant has the ability to pay court-appointed fees when security is posted subject to the express condition that the funds be available to pay a defendant's financial obligations. Id . at 761-63, 425 P.3d 437 (citing State v. Wise , 40 Or. App. 303, 594 P.2d 1313 (1979) ; State v. Twitty , 85 Or. App. 98, 106, 735 P.2d 1252, rev. den. , 304 Or. 56, 742 P.2d 1187 (1987) ; State v. Wetzel , 94 Or. App. 426, 428-29, 765 P.2d 835 (1988) ). Thus, on review for plain error in this case, defendant's security deposit appears to provide sufficient evidence to support the trial court's imposition of court-appointed attorney fees, even if a trial court, when properly presented with questions in the first instance as *521 to how defendant acquired the funds for a security deposit, might reach a different result. Additionally, although defendant raises factual questions on appeal that may not have been raised in the trial court or in Thomas , factual questions preclude plain-error review, and defendant fails to meaningfully distinguish Thomas . Defendant also fails to address the standards necessary to establish that Thomas was plainly wrong. See State v. Civil , 283 Or. App. 395, 388 P.3d 1185 (2017) (explaining standards for establishing that prior case was plainly wrong and should be overturned).
Motion for summary affirmance granted; affirmed.